IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC. <br><br> Defendant. | Civil Action No. 13-cv-00893-RG <br><br> **JURY TRIAL DEMANDED** |

# GOOGLE INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Currently pending before the Court is Google Inc.'s ("Google") Motion To Transfer Venue to the Northern District of California (Dkt. 18). Briefing closed on the motion on March 27, 2014. Google files this notice to bring to the Court's attention subsequent authority that is relevant to Google's motion to transfer.

Specifically, on April 17, 2014, in <u>Google Inc. v. Rockstar Consortium U.S. LP, MobileStar Techs., LLC</u>, Case No. 13-cv-5933, the United States District Court for the Northern District of California ("Northern District") denied Rockstar and MobileStar's (collectively, "Rockstar") motion to dismiss or, in the alternative, to transfer Google's declaratory judgment action to the United States District Court for the Eastern District of Texas. A copy of the order is attached as Exhibit A.

On October 31, 2013, Rockstar filed patent infringement suits in this Court against Samsung, ASUS, HTC, Huawei, LG, Pantech, and ZTE. (Ex. A at 4.) Rockstar alleges infringement by smartphones that use Google's Android operating system. (<u>Id.</u>) On December 23, 2013, Google filed suit in the Northern District against Rockstar, seeking a declaratory

judgment that it does not infringe the patents asserted in the Android suits. (Id. at 4.) Rockstar responded by moving to dismiss Google's suit for lack of personal jurisdiction or to transfer to this District. (Id. at 1.)

In denying Rockstar's motion to transfer to this District, the Northern District concluded that the convenience factors and interests of justice support venue in the Northern District, rather than this District. (Id. at 24-28.) Specifically, the Northern District found that Rockstar did "not name any witnesses in Texas essential to the suit." (Id. at 25.) It further found that Rockstar's "primary operations and headquarters are in Canada." (Id. at 27.) As to the inventors of the patents-in-suit, the Northern District observed, "many of the inventors of the patents-in-suit were listed at least years ago as being from Canada." (Id.) The Northern District also held that "the Northern District of California has the greater interest in this litigation because the claims here will 'call into question the work and reputation of several individuals residing in or conducting business in this community.'" (Ex. A at 27-28.)

These findings are relevant to Google's Motion To Transfer. Specifically, here, Rockstar argued that transfer should be denied because it has a satellite office and licensing attorneys in Plano. (Dkt. 33 at 4-5, 13.) The Northern District concluded, however, that Rockstar's "primary operations and headquarters are in Canada" and that the witnesses in Plano are not "essential to the suit." (Ex. A at 25, 27.) And just as the Northern District found that many of the inventors of the patents-in-suit were from Canada (Id. at 27), here the only two inventors are located in Canada. (Dkt. 33 at 13.) Rockstar further argued that considerations of judicial economy weigh against transfer of this case to the Northern District because Rockstar's Android-related actions are also in this Court. (Id. at 14.) This factor is now neutral, at worst, because Google's declaratory judgment action will remain in the Northern District. Finally, Rockstar argued that

the local interests in this litigation are neutral. (Id. at 15.) The Northern District rejected this argument because Rockstar is headquartered in Canada and because the declaratory judgment action will "call into question the work and reputation of several individuals" in the Northern District. (Ex. A at 27-28.) The same is true here; Google employees that developed the accused products are in the Northern District. (Dkt. 18 at 2-3.)

| | |
|---|---|
| DATED: April 24, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  /s/ David Perlson |

    J. Mark Mann
    State Bar No. 12926150
    G. Blake Thompson
    State Bar No. 24042033
    MANN | TINDEL | THOMPSON
    300 West Main Street
    Henderson, Texas 75652
    (903) 657-8540
    (903) 657-6003 (fax)

    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven
      charlesverhoeven@quinnemanuel.com
    David A. Perlson
      davidperlson@quinnemanuel.com
    50 California Street, 22nd Floor
    San Francisco, California  94111-4788
    Telephone: (415) 875 6600
    Facsimile: (415) 875 6700

    *Attorneys for Google Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 24, 2014.

/s/ Sam Stake

Sam Stake
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone: (415) 875 6600
Facsimile: (415) 875 6700