# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE INC.<br><br>        Defendant. | Case No. 2:13-cv-00893-JRG-RSP<br><br><br>JURY TRIAL DEMANDED |

**[PROPOSED] DOCKET CONTROL ORDER**

It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| June 8, 2015 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| April 27, 2015 | *Pretrial Conference – _____ a.m/p.m. in **Marshall, Texas** before [Judge Rodney Gilstrap / Judge Roy Payne] |
| April 22, 2015 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*.  The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| April 20, 2015 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |
| April 13, 2015 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |

| April 6, 2015 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
|---|---|
| April 6, 2015 | Serve Objections to Rebuttal Pretrial Disclosures |
| March 30, 2015 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| March 16, 2015 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| March 9, 2015 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| **[Plaintiff's proposal:** March 4, 2015] **[Defendant's proposal:** March 2, 2015][1] | Deadline to Complete Expert Discovery |

---

[1]   **Plaintiff's position:** For clarity, Plaintiffs provide the following table, which summarizes the competing schedules:

| Deadline | Google's Proposed | Rockstar's Proposed |
|---|---|---|
| Close fact discovery | Jan. 5, 2015 | Jan. 9, 2015 |
| Opening reports | Jan. 12, 2015 | Jan. 21, 2015 |
| Rebuttal reports | Feb. 9, 2015 | Feb. 16, 2015 |
| Close expert discovery | Mar. 2, 2015 | Mar. 4, 2015 |

Plaintiffs' schedule provides a reasonable, logical approach to the disputed portion of the schedule. First, Plaintiffs' schedule allows sufficient time after the holidays for completion of discovery. The prosecution of a case during the last two weeks and first week of the year invariably slows down. The added time will allow for completing discovery in a case that Defendant agrees will be "complex" and "lengthy." For example, even the handful of days between Defendant's proposed date and Plaintiffs' proposed date allows for depositions of witnesses unavailable during the holidays.

Second, Plaintiffs' schedule reasonably addressed the only real dispute between the parties regarding the expert discovery schedule: the deadline for opening reports.  During the meet and confer process, Defendant expressed concern that later expert reports would delay this Court's resolution of any dispositive and *Daubert* motions, based on Defendant's unwavering desire to have 4 weeks to serve rebuttal reports and 3 weeks to complete expert discovery (both of which are one week longer than this Court's original schedule).  In response, Plaintiffs proposed a compromised expert discovery schedule that stays true to this Court's original March 9, 2015 motions deadline, while providing: (a) sufficient time between the close of fact discovery and opening expert reports; (b) 3.5 weeks to serve rebuttal expert reports; and (c) 2.5 weeks to complete expert discovery. Despite these immaterial changes, Defendant refused to deviate from its arbitrary 4 week/3 week demand.  Contrary to Defendant's suggestion, however, neither the parties nor the Court will be "squeezed." In fact, under Defendant's proposed schedule, Plaintiffs will be the only party squeezed by having to submit an expert report so soon after the close of fact discovery.  By contrast, Plaintiffs' deadlines were proposed with the hope of avoiding any additional burden on the parties or this Court as the case approaches trial. This Court should adopt Plaintiffs' reasonable, compromised proposal, which provides the parties adequate time after the close of fact discovery to prepare expert reports and provides the parties multi-person legal teams to depose experts.

**Defendant's position:** Defendant's proposal allows for a full four weeks after the disclosure of opening expert reports to prepare and serve rebuttal expert reports, three weeks after the disclosure of rebuttal expert reports to complete expert discovery—which is consistent with the Court's proposed schedule, and time for dispositive and *Daubert* motions to be fully briefed in advance of the Pretrial Conference.  The parties agreed in the proposed Discovery Order that each side may have up to five expert witnesses.  Given this, Plaintiff's proposal, which allows for only three and a half weeks for rebuttal reports, does not give the parties' rebuttal experts sufficient time to prepare their reports.  Further, Plaintiff is currently accusing Defendant of infringing seven patents, so the expert reports will likely be very complex and lengthy, making it reasonable for the parties' experts to have extra time to prepare rebuttal reports.  Similarly, Plaintiff's proposal, which allows only two and a half weeks to complete expert depositions, will make it very difficult to schedule the depositions of up to 10 expert witnesses, particularly given that the parties and/or experts will need to travel for the depositions.

Defendant further proposes that the deadline to disclose opening expert reports be January 12, 2015.  This is close to the Court's proposed deadline of January 5, but moves it one week later to accommodate the New Year's holiday.  Plaintiff's proposal moves this deadline back even more to January 21.  But this further pushing back of the deadline will unnecessarily squeeze the parties and the Court on later deadlines.  In particular, if the deadline to disclose opening expert reports is delayed as proposed by Plaintiff, then there is not sufficient time in the schedule for the parties to have four weeks to prepare rebuttal expert reports, three weeks to complete expert depositions—both of which are necessary as explained above—, and time to fully brief dispositive and *Daubert* motions in advance of the Pretrial Conference.  Defendant's proposed January 12 deadline allows for all of that.  Additionally, Defendant's proposed deadline addresses Plaintiff's concern that there be time in between the close of fact discovery and opening expert reports.  Defendant's proposal gives the parties one week in between the close of fact discovery and opening expert reports, which is one week longer than provided in the

| **[Plaintiff's proposal: February 16, 2015]** **[Defendant's proposal: February 9, 2015]** | Serve Disclosures for Rebuttal Expert Witnesses |
|---|---|
| **[Plaintiff's proposal: January 21, 2015]** **[Defendant's proposal: January 12, 2015]** | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| January 12, 2015 | Deadline to File Motions to Compel Discovery |
| **[Plaintiff's proposal: January 9, 2015]** **[Defendant's proposal: January 5, 2015]** | Deadline to Complete Fact Discovery |
| December 22, 2014 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| November 25, 2014 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. *See* L.R. App. H. |
| November 18, 2014 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |

Court's proposed schedule. Plaintiff's argument that Plaintiff "will be the only party squeezed by having to submit an expert report so soon after the close of fact discovery" is incorrect. Defendant will also serve its expert reports on issues on which they bear the burden of proof, such as invalidity and inequitable conduct, on that date. Although both parties may prefer to have a longer period of time to prepare their opening expert reports, given the overall case schedule, there is not sufficient time to do so. Defendant believes that both parties will be able to do so one week after the close of fact discovery.

By the same token, Defendant proposes that fact discovery should close on January 5, 2015, which is the date proposed by the Court. Although this is shortly after the holidays, Defendant believes that the parties can plan to complete fact discovery by this date in the many months allotted for discovery. Plaintiff suggests that depositions of witnesses unavailable over the holidays can be scheduled in the extra week that Plaintiff seeks for fact discovery. With proper planning, however, the parties can complete the depositions of any such witnesses before the holidays. If this date is moved later, as proposed by Plaintiff, then the deadlines for the exchange of expert reports will also need to be pushed back. Again, as explained above, if these deadlines are delayed, then there will not be sufficient time for the parties to have four weeks to prepare rebuttal expert reports, three weeks to complete expert depositions, and time to fully brief dispositive and *Daubert* motions in advance of the Pretrial Conference.

| October 28, 2014 | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne. |
|---|---|
| October 14, 2014 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| October 7, 2014 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| September 30, 2014 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| September 26, 2014 | Deadline to Exchange Privilege Logs |
| **[Plaintiff's proposal: September 16, 2014]** **[Defendant's proposal: September 9, 2014][2]** | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) |

---

[2] **Plaintiff's position:** Plaintiffs propose that claim construction briefing should proceed as originally scheduled by this Court, with Plaintiffs' Opening Brief due September 16, 2014. Defendant claims it needs more time to respond to Plaintiffs' Opening Brief because of the scope of this case.  Defendant ignores that by the time it receives Plaintiffs' Opening Brief, the parties will have exchanged proposed claim terms, will have exchanged proposed constructions, and will have submitted a joint claim construction statement, and will have met and conferred repeatedly to narrow the disputed terms.   One additional week will do nothing to enhance Defendant's familiarity with Plaintiffs' claim construction positions, arguments, and evidence. Moreover, during the meet and confer on this issue, Defendant proposed that *both* parties file competing Opening Briefs on September 16, 2014.   This further undermines Defendant's argument that it needs additional time to respond to Plaintiffs' Opening Brief.  Defendant also cites 144 claims and complains of no "commitment to reduce the number of asserted claims prior to claim construction briefing." Defendant misstates the parties' discussions. Earlier this month, Defendant demanded premature reduction of the number of Asserted Claims pursuant to this Court's Model Order Focusing Patent Claims and Prior Art. Plaintiffs responded that any such reduction would not be required until the close of claim construction discovery in early September – before claim construction briefing commences. Defendant will undoubtedly ask this Court to impose these reductions, and its complaint based on the number of claims is nothing more than a straw man.

**Defendant's position:**   Defendant proposes that Plaintiff's opening claim construction brief should be due on September 9, 2014, which is 21 days before the parties agree that Defendant's responsive claim construction brief is due.  Plaintiff is asserting 144 claims in 7 patents against Defendant, and has not made any commitment to reduce the number of asserted claims prior to claim construction briefing, arguing in the parties' correspondence that the Court's Model Order Focusing Patent Claims and Prior Art has not been entered in this case. Given the broad scope of Plaintiff's claims, it is reasonable to give Defendant additional time to respond to Plaintiff's opening claim construction brief.  Plaintiff does not have a good reason to oppose this.  It has not identified any prejudice that it will suffer as a result of submitting its opening claim construction brief one week earlier.  That Defendant proposed as a compromise

- 5 -

| September 16, 2014 | Deadline to Substantially Complete Document Production<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
|---|---|
| September 2, 2014 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| August 26, 2014 | File Response to Amended Pleadings |
| August 12, 2014 | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| August 5, 2014 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| July 15, 2014 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| June 24, 2014 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| May 19, 2014 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| April 28, 2014 | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures) |
| April 21, 2014 | *File Proposed Docket Control Order, Proposed Discovery Order, and Notice of Mediator<br><br>The Proposed Docket Control Order and the Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| April 14, 2014 | Join Additional Parties |
| March 24, 2014 | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

that the parties file simultaneous opening claim construction briefs does not undermine Defendant's position.  Under Defendant's proposed compromise, both parties would file opening and answering claim construction briefs.  Under the parties' current proposal, Defendant will only file a single answering brief, whereas Plaintiff will file an opening and reply brief.  It is not unreasonable to give Defendant additional time to prepare its single brief where there is no prejudice to Plaintiff in doing so.

(*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**:  The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached.  If the parties do not reach an agreement, the Court will appoint a mediator.  The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**:  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs.  Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter.  Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter.  The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.  Letter briefs shall be filed without exhibits.  Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**:  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**:  Any motion to alter any date on the DCO shall take the form of motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**IT IS SO ORDERED.**