# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC** | |
| **Plaintiffs,** | **Case No. 2:13-cv-00893-JRG-RSP** |
| **v.** | |
| **GOOGLE INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**PLAINTIFFS' RESPONSE**
**TO GOOGLE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Google incorrectly argues that the recent decision from the Northern District of California involving Google's declaratory action against another Rockstar subsidiary (MobileStar) on separate patents, separate products, and separate technologies changes the venue analysis.  It does not.

As a threshold matter, the procedural posture of Google's declaratory action case itself demonstrates the irrelevance of the Northern District of California's opinion.  Because the Northern District of California Court issued its order in the context of a motion to dismiss for lack of personal jurisdiction and/or transfer venue under 28 U.S.C. § 1391, its decision was thus based on facts taken as true from Google's complaint.  The controlling standard thus required resolving any "conflicts in the evidence . . . in [Google's] favor." *Google Inc. v. Rockstar Consortium US LP*, Dkt. 49, Exh. A, slip op., at *5 (N.D. Cal. Apr. 17, 2014) (citing *Trintec Indus. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005)); *see also id.* at *19 (resolving "conflicts in the allegations and evidence in [Google's] favor").  The NDCA Court therefore did not have the benefit of the full record of facts regarding Rockstar's Texas facilities and witnesses that Plaintiffs provided to this Court here.

Indeed, some of the NDCA Court's findings are simply incorrect and Google does not even dispute them in this case.  For example, the NDCA Court found that Nortel's "primary United States campus" was in "Santa Clara," within the boundaries of the NDCA.  *Id.* at *12.  This fact not only is wrong, it is incontrovertibly so.  The Declarations on which the NDCA Court relies do not say that Nortel's primary United States operations were in California.  While Nortel formerly had a satellite office in Santa Clara, it was never the primary campus.   In this case, the undisputed record shows that Nortel's United States headquarters was in Richardson, Texas, with nearly 10,000 employees working for the company.  Powers Dec., Dkt. 33-1, at ¶ 6.

Many of those worked for Nortel's IP Group, which was based in Richardson.  Hearn Dec., Dkt. 33-2, at ¶ 4.  And documents about licensing and monetization—including with Google about the patents-in-suit—have resided in or near the Eastern District of Texas since the time of their creation in the Nortel era.  *Id.* ¶ 9.  It is also not true — and Google does not allege in this case — that Apple is the majority shareholder of Rockstar.

Moreover, even taking the NDCA opinion at face value, the undisputed facts here are different from the NDCA case.  While the NDCA Court found that Rockstar "did not name any witnesses in Texas essential" to the NDCA suit, the uncontested record in this case is different.  Plaintiffs here have identified numerous essential witnesses—including third-party witnesses— who have relevant knowledge to this particular case.  For example, the prosecuting attorney of the patents-in-suit resides in Texas.  Google's Answer mentions his name over thirty times.  Response, Dkt. 33, at 2.  Moreover, because of the longstanding ties that Nortel maintained in this area, former Nortel employees with relevant knowledge live and/or work within the deposition and trial subpoena power of this Court.  *Id.* at 3.  It is also undisputed here that Plaintiffs' headquarters are in Plano.  *Id.* at 4-5. *See also* Google Reply, Dkt. 36, at 2 (attempting to downplay ties of Texas witnesses identified by Plaintiffs but not disputing that these witnesses have relevant knowledge and not contesting the facts in Plaintiffs' Response that Plaintiffs are based in Plano).  Likewise, Rockstar's own employees who work in this District (and who previously worked at Nortel near this District) have relevant knowledge about this case and the patents-in-suit, including meeting with Google to discuss the patents-in-suit.  Response at 3.

The NDCA Court also did not and could not address Google's evidentiary failing here to identify the locations of its own witnesses or documents on the products at issue in this case.  As discussed extensively in Plaintiffs' Response (5-8; 10-11) and Surreply (2, 4), Google failed to

identify with specificity the locations of its witnesses or documents.   The evidence Plaintiffs submitted—and that Google simply ignores in its Reply—shows that Google witnesses who have relevant knowledge reside in or near this District; on the East Coast; and in India.   And Google did not even address the location for one of its accused products in this case, even though Plaintiffs pointed out that witnesses with relevant knowledge reside in or near this District or on the East Coast.   Response at 10-11.   Likewise, the California Court did not and could not address the third parties who have relevant knowledge due to the Nortel auction, all of whom are closer to this District than the Northern District of California.

In short, the NDCA Court's findings that the Texas witnesses are not essential to that case, that Rockstar's headquarters are in Canada, and that the Northern District of California has a greater local interest than the Eastern District of Texas are inconsistent with the undisputed facts of this case.   Regardless of the final outcome on venue for Google's Northern District of California declaratory action or the MobileStar actions in this Court on the same patents as the NDCA action, this case has separate facts, separate patents, separate products, separate technologies, and a separate record.   Even if the NDCA Court did not assume all facts in Google's favor, its opinion does not change the analysis here.   Under the record and facts in this case, transfer is inappropriate.   At a minimum, Google cannot show on the record here that the Northern District of California is clearly more convenient than this District.

DATED:  May 2, 2014                    Respectfully submitted,


By:   */s/ Justin A. Nelson*
      Max L. Tribble, Jr. – Lead Counsel
      State Bar No. 20213950
      Alexander L. Kaplan, State Bar No. 24046185
      John P. Lahad, State Bar No. 24068095
      Shawn Blackburn, State Bar No.
      **SUSMAN GODFREY L.L.P.**
      1000 Louisiana Street, Suite 5100

Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
mtribble@susmangodfrey.com
akaplan@susmangodfrey.com
jlahad@susmangodfrey.com
sblackburn@susmangodfrey.com

Justin A. Nelson, State Bar No. 24034766
Parker C. Folse, III, WA State Bar No. 24895
Kristin Malone, WA State Bar No. 46251
**SUSMAN GODFREY L.L.P.**
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883
jnelson@susmangodfrey.com
pfolse@susmangodfrey.com
kmalone@susmangodfrey.com

T. John Ward, Jr., State Bar No. 00794818
Claire Abernathy Henry, State Bar No. 24053063
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, TX  75606-1231
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
D. Jeffrey Rambin, State Bar No. 00791478
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX  75647
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

*Attorneys for Rockstar Consortium US LP and*

*NetStar Technologies LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 2nd day of May, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

*/s/ Justin A. Nelson*