# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC**<br><br>    Plaintiffs,<br><br>    v.<br><br>**GOOGLE INC.**<br><br>    Defendant. | **Case No. 2:13-cv-00893-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**<u>PLAINTIFFS' OPPOSED MOTION TO STRIKE UNDER LOCAL RULE CV-7(A) GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN RESPONSE TO GOOGLE'S MOTION TO TRANSFER, AND, IN THE ALTERNATIVE, CROSS-MOTION TO STAY CASE PENDING RESOLUTION OF GOOGLE'S TRANSFER MOTION (DKT. NO. 97)</u>**

**TABLE OF CONTENTS**

                                                                                                  **Page**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................3

III. ARGUMENT ........................................................................................................................5

      A.    The Local Rules Prohibit Google's Attempt to Bootstrap its Motion to Stay into its Opposition to a Separate Motion. ........................................................5

      B.    Google's Attempted Manipulation of the Local Rules Prejudices Plaintiffs and Deprives the Court of Full and Fair Briefing on the Motion to Stay.......................................................................................................6

      C.    Google's Request for a Stay Fails on the Merits and, at the Very Least, Demands Full Briefing on a Separately-Filed Motion............................................8

            1.    Google's Motion to Stay Fails Because Any Delay Is Caused by Google's Own Unnecessary Motion Practice. .........................................8

            2.    Google's Motion to Stay, at the Very Least, Merits Full and Fair Briefing..................................................................................................10

IV. CONCLUSION ...................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
    303 Fed. Appx. 884 (Fed. Cir. 2008), *aff'd in part & rev'd in part on other grounds*,
    576 F.3d 1348 (Fed. Cir. 2009 (en banc) ................................................................................ 12

*Frazier v. Heebe*,
    482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987) ...................................................... 11

*In re Apple Inc.*,
    456 Fed. Appx. 907 (2012) ................................................................................................ 12

*In re Fusion-IO, Inc.*,
    489 Fed. Appx. 465 (Fed. Cir. 2012) ............................................................................ 10, 11

*In re HTC Corp.*,
    494 Fed. Appx. 81 (Fed. Cir. 2012) ................................................................................... 12

*In re Vistaprint, Ltd.*,
    628 F.3d 1342 (Fed. Cir. 2010) .......................................................................................... 12

*In re Volkswagen of Am., Inc.*,
    545 F.3d. 304(5th Cir. 2008) (en banc) ............................................................................. 11

*Intel Corp. v. Commonwealth Scientific & Indus. Research*, *Org.*,
    No. CV 06-551, 2009 WL 8590766 (E.D. Tex. Apr. 9, 2009) ............................................ 6

*McDonnell Douglas Corp. v. Polin*,
    429 F.2d 30 (3d Cir. 1970) ................................................................................................. 11

*Persky v. Dolgencorp, Inc.*,
    No. CIV-07-136-C, 2008 WL 542959 (D. Okla. Feb. 25, 2008) ......................................... 7

*Weil v. Neary*,
    278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243 (1929) .............................................................. 11

*White v. Indymac Bank, FSB*,
    No. CV 09-00571 DAE-KSC, 2012 WL 139203 (D. Haw. Jan. 18, 2012) ........................ 7


**Statutes**

28 U.S.C. § 2071 .................................................................................................................... 11

28 U.S.C. § 1404(a) ............................................................................................................... 12

**Rules**

Fed. R. Civ. P. 1 .................................................................................................................... 11

Fed. R. Civ. P. 83 .................................................................................................................. 11

L.R. CV-7 ....................................................................................................................... *passim*

L.R. CV-26(a) ....................................................................................................................... 11

## I. INTRODUCTION

Plaintiffs Rockstar Consortium US LP and NetStar Technologies LLC ("Plaintiffs") hereby move to strike Google Inc.'s ("Google") Opposition to Plaintiffs' Motion for Leave to File a Supplemental Brief in Response to Google's Motion to Transfer, and, in the Alternative, Cross-Motion to Stay Case Pending Resolution of Google's Transfer Motion (Dkt. No. 97).

The Local Rules provide that "[e]ach pleading, motion or response to a motion must be filed as a <u>separate document</u>," with the only exception being "motions for alternative relief, e.g., a motion to dismiss or, alternatively, to transfer." L.R. CV-7(a) (emphasis added). This rule serves several critical purposes. <u>First</u>, the rule allows the public (including other litigants) to follow activity on the docket without guessing whether a new request for relief is buried in the briefing on another matter. <u>Second</u>, and as the Court understands best, burying requests for relief in briefing on separate matters frustrates the Court's ability to track and report on pending motions. <u>Third</u>, the rule prevents litigants from manipulating <u>other</u> Local Rules—including the rules setting forth deadlines and page limits on briefing.

If Google wishes to seek a stay pending transfer, it is entitled to file a separate motion requesting such relief. In response to such a motion, Plaintiffs would, in turn, be entitled to file a fifteen-page Response fourteen days later and a five-page Sur-Reply seven days after Google files a Reply. L.R. CV-7(e)-(f). Google, however, doesn't want Plaintiffs to have fourteen days to respond to its Motion to Stay or the number of pages provided by the local rules. And it doesn't want Plaintiffs to have a Sur-Reply. As a result, Google elected to simply disregard Local Rule CV-7(a) and combine what should be an entirely separate Motion to Stay with its opposition to Plaintiffs' entirely separate motion seeking leave to file a three-page supplemental brief regarding transfer. As a result, according to Google, Plaintiffs are limited to a single five-page "reply" brief responding both to their Motion for Leave <u>and</u> to Google's Motion to Stay.

*See* Bonn Decl. Exh. 1. And, according to Google, Plaintiffs are entitled to seven days at best or five days at worst[1] to respond to its Motion to Stay, rather than fourteen days as the Local Rules permit. *Id.*

Google's pleading is a transparent attempt to sandbag Plaintiffs and the Court with what should be a separate Motion to Stay. By combining the Motion to Stay into a Response brief on an entirely different motion, Google seeks to deny Plaintiffs adequate time to respond and replace Plaintiffs' right to file a fifteen-page Response and a five-page Sur-Reply with a single, five-page "Reply" to two motions instead. As such, the Court should strike Google's improper pleading for violating Local Rule CV-7(a), which mandates that "[e]ach pleading, motion or response to a motion must be filed as a separate document . . . ." L.R. CV-7(a) (emphasis added).

Ironically, Google's Motion to Stay is premised on the notion that Plaintiffs' submission of a three-page supplemental brief will somehow unduly delay the Court's disposition of Google's transfer motion. And yet had Google consented to the submission of the three-page brief, any delay would be *de minimis* at best, as the Court would only have needed to consider Plaintiffs' submission and presumably a three-page responsive brief from Google. Now, because of Google's opposition to Plaintiffs' request for leave and procedural gamesmanship in presenting a "cross-motion" to stay, the Court is forced to consider briefing on (1) Plaintiffs' opposed motion for leave; (2) Google's opposed motion to expedite briefing; (3) this motion to strike Google's improper pleading; and (4) Google's alternative request to stay in light of Plaintiffs' request to file a three-page supplemental brief. It is Google's unnecessary motion practice—and not a supplemental three-page brief—that is cause for delay.

---

[1] Google is, apparently, aware of the Local Rule requiring each motion be set forth in a separate document, as it has filed a separate motion to expedite the briefing on Plaintiffs' Motion for Leave (and, thus, on Google's "Cross-Motion" for Stay). *See* Dkt. 98. Under the expedited briefing schedule Google proposes, Plaintiffs "reply" to their own motion and to Google's cross-motion would be due on Monday, June 30, 2014—in five days.

## II. BACKGROUND

On January 10, 2014, Google filed a motion to transfer this case to the Northern District of California, representing to the Court that transfer was warranted because "[k]ey witnesses with knowledge of highly relevant prior art systems and publications concerning Internet search and search advertising, along with crucial documentary evidence, are thus likely located in the Northern District." Mot. at 3. The importance of this argument to Google's transfer motion is evident even in the motion's Table of Contents:

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| BACKGROUND | | 2 |
| I. | THE MAJORITY OF KEY WITNESSES AND EVIDENCE ARE LOCATED IN OR NEAR THE NORTHERN DISTRICT OF CALIFORNIA, NOT TEXAS | 2 |
| | A. Google | 2 |
| | B. Prior Art Witnesses and Evidence in the Northern District | 3 |

See Dkt. No. 18 at *i*. Plaintiffs opposed the motion and briefing was completed on March 27, 2014. *See* Dkt. No. 41. Plaintiffs pointed out that Google likely was "cherry-picking" its persons with relevant knowledge, and despite Plaintiffs' suggestion in its Response that it identify all possible prior art witnesses, Google refused to do so in its Reply. *Compare* Resp. to Mot. to Transfer, Dkt. No. 33 at 1, 8, 12; *with* Reply to Mot. to Transfer, Dkt. No. 36.

Google subsequently served its Invalidity Contentions in late May 2014 and several subpoenas relating to prior art in the first three weeks of June 2014. *See* Dkt. No. 92-3 at Exhs. 2, 46-66. On June 20, 2014—the very same day that Google served eight such subpoenas—Plaintiffs moved for leave to file a three-page supplemental brief addressing the location of prior art witnesses and evidence. *See* Dkt. Nos. 92-93. Remarkably, Google indicated that it intended to oppose Plaintiffs' motion for leave on the grounds that (1) contrary to its earlier arguments to the Court, the location of prior art witnesses and evidence is irrelevant to the transfer motion

(apparently because the location of such witnesses and evidence, as it turns out, favors Plaintiffs' position rather than Google's) and (2) the Court's consideration of a three-page supplemental brief would unreasonably delay resolution of the transfer motion. *See* Dkt. 97. During the meet-and-confer on Plaintiffs' motion for leave, Google indicated that it would nevertheless stipulate to the filing of such a supplemental brief so long as Plaintiffs would stipulate to stay the case pending the Court's disposition of the transfer motion. Dkt. 92 at 4 (Certificate of Conference). Google did not indicate that it intended to seek a stay from the Court—merely that it would accede to the filing of a supplemental brief if Plaintiffs would agree to a stay. *See* Bonn Decl. Exh. 1.

On June 24, 2014, Google indicated for the first time not only that intended to seek a stay from the Court, but that it further intended to (1) fold its request for a stay into its response to Plaintiffs' motion for leave and (2) demand an expedited briefing schedule on both Plaintiffs' motion and Google's "cross-motion" in opposition. *See* Bonn Decl. Exh. 1. Google sought Plaintiffs' agreement that they would not be permitted to file a Response brief and Sur-Reply related to Google's "cross-motion" for a stay, but instead would file only a single, five-page Reply and on an expedited schedule at that.[2] *Id.* Despite Plaintiffs' repeated requests that Google explain its basis for disregarding Local Rule CV-7(a), Google's only justification for doing so was that it believed its request for a stay related to its arguments in opposition to Plaintiffs' motion for leave. *See* Bonn Decl. Exh. 1; *see also* Dkt. No. 98 at 2.

---

[2] Google later suggested in a meet-and-confer that it might consider stipulating to additional pages of briefing, though only if Plaintiffs would agree to the expedited schedule that Google proposed. *See* Bonn Decl. at ¶ 3.

### III. ARGUMENT

#### A. The Local Rules Prohibit Google's Attempt to Bootstrap its Motion to Stay into its Opposition to a Separate Motion.

Local Rule CV-7(a) requires that "[e]ach pleading, motion or response to a motion must be filed as a separate document . . . ." L.R. CV-7(a). The only exception is a "motion[] for alternative relief, e.g., a motion to dismiss or, alternatively, to transfer." *Id.* The reason for the rule seems clear: if parties were permitted to combine separate pleadings into a single document, they could manipulate the briefing rules regarding notice, page-length, and timing set forth in other Local Rules.[3] Yet that is precisely what Google did in this case—it combined a "Cross-Motion to Stay Case Pending Resolution of Google's Motion to Transfer" with its "Opposition to Plaintiffs' Motion for Leave to File a Supplemental Brief in Response to Google's Motion to Transfer." *See* Dkt. No. 97. And, by virtue of having done so, it insisted that Plaintiffs were not entitled to invoke the rules regarding Responses and Sur-Replies to motions, but instead would be limited to filing a single, five-page "Reply" brief (on an expedited schedule) to both its own Motion for Leave and to Google's Cross-Motion to Stay. Bonn Decl. Exh. 1.

Google apparently attempts to justify its failure to file a separate Motion for Stay by labeling its motion as a request for "alternative" relief. *See* Dkt. 97 & Bonn Decl. Exh. 1. But the exception to Local Rule CV-7(a) is for "motions" that seek alternative forms of relief, such as "a motion to dismiss or, alternatively, to transfer." L.R. CV-7(a). The underlying motion here is Plaintiffs' Motion for Leave to File a Supplemental Brief—which does not seek any form of relief in the alternative. Google's response to that motion, in turn, is not a request for relief at all—it is an opposition to the relief Plaintiffs seek. Thus, the offending pleading is not a motion

---

[3] Moreover, the rule protects the public's interest in monitoring the docket and the Court's interest in accurately tracking and reporting on pending motions.

that seeks two alternate forms of relief—it is simply an opposition brief into which Google has bootstraped a completely separate request for its own relief.

Google further attempts to justify its decision to flout Local Rule CV-7(a) by noting that its "arguments regarding a stay . . . fit squarely within the factors the Court should consider in determining whether Rockstar's requested supplemental briefing should be permitted." Dkt. No. 98 at 2 (citing *Intel Corp. v. Commonwealth Scientific & Indus. Research Org.*, No. CV 06-551, 2009 WL 8590766, at *1 (E.D. Tex. Apr. 9, 2009)). As an initial matter, there is no exception to the separate pleading requirement in Local Rule CV-7(a) based on whether counsel believes its arguments in one motion relate to its arguments in a separate opposition. Moreover, Google's cited authority is inapposite on its face. The *Intel* decision merely stands for the proposition that the Court may consider the "availability of a continuance," as a factor in deciding whether to permit amendments to pleadings under Rule 16(b) after the deadline in the scheduling order has passed. *Intel*, 2009 WL 8590766, at *1. It does not stand for Google's apparent proposition that the Court is required to entertain an entirely separate motion to stay in a combined opposition/cross-motion rather than on a separately-filed motion to stay per Local Rule CV-7(a).

B.  **Google's Attempted Manipulation of the Local Rules Prejudices Plaintiffs and Deprives the Court of Full and Fair Briefing on the Motion to Stay.**

Google has offered no persuasive justification why it could not have followed the Local Rules and filed its Motion to Stay as a separate pleading rather than folding it into its opposition to a separate motion. Doing so would cause Google no prejudice; to the contrary, the same day it filed this pleading it observed Local Rule CV-7(a) in filing its request for expedited briefing as a separate motion. *See* Dkt. No. 98. There is no reason Plaintiffs can conceive why Google could not have similarly abided by the Local Rules with respect to its Motion to Stay, except that it wished to manipulate the briefing rules as follows.

Because Google has styled its Motion to Stay as a "Cross-Motion" and combined it with its opposition to Plaintiffs' Motion for Leave, Google asserts that Plaintiffs are limited to filing a single, five-page Reply regarding <u>both</u> motions (and should do so on an expedited schedule). *See* Bonn Decl. at ¶ 3 & Exh. 1. But that is not what the Local Rules contemplate. Under the Local Rules, Plaintiffs are entitled to file a five-page Reply devoted solely to arguments regarding its Motion for Leave to File a Supplemental Brief. L.R. CV-7(e). In addition, Plaintiffs are entitled to file a separate Response to Google's Motion to Stay within fourteen days of Google's filing of such a motion. *Id.* And Plaintiffs are further entitled to file a Sur-Reply seven days after Google files its Reply on its Motion to Stay. L.R. CV-7(f). Google's maneuvering accomplishes no apparent purpose other than to benefit Google.

Courts in similar circumstances have refused to permit such manipulation of the Local Rules. For example, in *White v. Indymac Bank, FSB*, No. CV 09-00571 DAE-KSC, 2012 WL 139203, at *6 (D. Haw. Jan. 18, 2012), the plaintiff filed an opposition brief to the defendants' motion for summary judgment, including in its opposition a request for a temporary restraining order or preliminary injunction enjoining any trustee's sale of the property at issue during the pendency of the action (*i.e.*, to stay any such proceeding). The court noted that this "fails to comply with Local Rule 10.2(g), which contemplates that an application for TRO or preliminary injunction be filed as a <u>separate document</u> with <u>its own supporting points and authorities</u>." *Id.* (emphasis added). Similarly, in *Persky v. Dolgencorp, Inc.*, No. CIV-07-136-C, 2008 WL 542959, at *4 n.6 (D. Okla. Feb. 25, 2008), the plaintiff opposing a summary judgment motion also sought to strike certain evidence the defendants had submitted. The court held that this was improper, as the local rules "require[d] each motion to be filed as a <u>separate document</u>." *Id.* (emphasis added).

Similarly, this Court has not hesitated to strike improper pleadings that violate either the Local Rules or the Court's standing orders. *See, e.g.*, *Phoenix Licensing, LLC v. AAA Life Ins. Co.*, No. CV 13-1081-JRG-RSP (E.D. Tex. June 5, 2014), Order Granting Mot. to Strike, Dkt. 171 at *1 (Payne, J.) (granting motion to strike "Statement Regarding Discovery Order and Docket Control Order and Request for Deconsolidation," and noting "[i]f Defendants wish to file a motion, and have a good faith basis for doing so, they may do so under the rules" regarding filing motions); *Adrain v. Vigilant Video, Inc.*, No. CV 10-173-JRG (E.D. Tex. March 25, 2013), Order Granting Motion to Strike Defendants' Second Mot. for Summary Judgment, Dkt. 153, at *1-2 (Payne, J.) (granting motion to strike summary judgment motion for failure to comply with the Court's standing order).

The same result is warranted here. There is no justification for Google's failure to abide by Local Rule CV-7(a). If Google wishes to file a motion to stay, it is free to do so. In that event, Plaintiffs are entitled to respond as contemplated by the Local Rules. But permitting Google's combined opposition and "cross-motion" for a stay would reward Google's gamesmanship and unfairly prejuice Plaintiffs.

    **C.**     **Google's Request for a Stay Fails on the Merits and, at the Very Least, Demands Full Briefing on a Separately-Filed Motion.**

        1.     <u>Google's Motion to Stay Fails Because Any Delay Is Caused by Google's Own Unnecessary Motion Practice.</u>

Alternatively, the Court would be well within its rights to strike or deny Google's Motion for Stay on the merits without granting permission for Google to re-file as a separate motion. Google's "Cross-Motion" requests a stay <u>only</u> if the Court grants Plaintiffs' motion for leave and thus considers Plaintiffs' three-page supplemental brief. *See* Dkt. No. 97 at 7. In other words, Google is not asking for a stay pending transfer due to other factors—it simply believes that the

Court will need so much time to consider a three-page brief that it would cause undue delay and unfairly prejudice Google.

It is not the Court's consideration of a three-page brief that is causing delay—it is Google's insistence on unnecessary motion practice over whether Plaintiffs should be permitted to file the brief in the first place. Had Google consented to Plaintiffs' uncontroversial request to supplement the briefing on the transfer motion with facts that Google itself argued were relevant and which came to Plaintiffs' attention only <u>after</u> briefing was completed, the only arguable delay (if any) would be the amount of time it would take Google to submit a responsive three-page supplemental brief (as Plaintiffs offered) and the Court to consider it. Instead, due solely to Google's choices, the Court is now forced to consider not only those briefs but also briefing on (1) Plaintiffs' Opposed Motion for Leave; (2) Google's "Cross-Motion" to Stay; (3) Google's Motion for Expedited Briefing Schedule; and (4) this Motion to Strike. To the extent there is any delay and prejudice, it is of Google's own making.

Moreover, the only other supposed prejudice that Google complains of apparently consists of complying with claim construction deadlines that have been known to Google all along and would be imposed regardless whether the case were litigated here or in the Northern District of California. *See, e.g.*, Dkt. No. 98 at 1-2; *see also* Dkt. No. 97 at 7-8. Moreover, that process already has begun, as the parties exchanged claim terms for construction the day before Google filed its Motion. *See* Dkt. Nos. 96, 99. If Google truly believed it would be prejudiced by complying with such deadlines pending transfer, it could have filed a motion to stay at any time previously and regardless of the Court's consideration of an additional three-page brief. It did not do so. Instead, Google filed its motion to transfer in January 2014 and only now requests a stay in the event that the Court elects to consider Plaintiffs' three-page supplemental brief (but

not otherwise).Thus, in addition to being procedurally improper, Google's motion to stay is also untimely and unsupported.

### 2. Google's Motion to Stay, at the Very Least, Merits Full and Fair Briefing.

If the Court is inclined to consider the question of a stay, the subject warrants full and proper briefing. Google's reliance on the Federal Circuit's decision in *In re Fusion-IO* as requiring a stay is entirely misplaced, as this Court is in a unique position to know.

The language Google relies on from *In re Fusion-IO* is dicta. In what started out as a multi-defendant case, this Court granted the defendants' motions to sever, and in so doing, denied transfer motions *without prejudice to refiling* should transfer still be warranted in light of severance. *Solid State Storage Solutions, Inc., v STEC, Inc, et al*, 2:11-cv-00391-JRG-RSP, Dkt. No. 226 (E.D. Tex. Sept. 17, 2012). Instead of refiling its transfer request, Fusion-IO, Inc., sought an immediate mandamus, asserting that the denial without prejudice somehow constituted a ruling denying their transfer request on the merits. The Federal Circuit **denied** mandamus. *In re Fusion-IO, Inc*., 489 Fed. Appx. 465, 465 (Fed. Cir. 2012) ("Fusion–IO's petition asks us, in effect, to bypass the district court's weighing of the facts and considerations relevant to its transfer motion, which we decline to do.") Indeed, the Federal Circuit directed the mandamus petitioner to refile its transfer request, which is exactly what this Court provided in the first place. *Id.*

The question of a stay was not presented to this Court in the first instance, nor to the Federal Circuit on mandamus. *See* Bonn Decl. Exhs. 2-4 (briefing from *In re Fusion*). So what came next was pure dicta: "We fully expect, however, for Fusion–IO to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the

merits of the action." *In re Fusion-IO, Inc*., 489 Fed.Appx. at 465 (citing *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30–31 (3d Cir. 1970)).

Before that dicta becomes law, its underpinnings warrant examination in a proper motion, not in "alternative relief" hiding in a Response. Full briefing will show that *In re Fusion-IO's* dicta does not stand up to examination. This is not the appropriate avenue for such briefing, but Plaintiffs endeavor to highlight a few of the reasons why *In re Fusion-IO* is wrongly decided.

The presumption under Local Rule CV-26(a) is that cases will proceed during the pendency of a motion to transfer. L.R. CV-26(a). *In re Fusion-IO* did not address Local Rule CV-26(a). A district court has discretion to adopt local rules. *Frazier v. Heebe*, 482 U.S. 641, 645, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987) (citing 28 U.S.C. § 2071; Fed. R. Civ. P. 83). Those rules have "the force of law." *Weil v. Neary*, 278 U.S. 160, 169, 49 S.Ct. 144, 73 L.Ed. 243 (1929). Local Rule CV-26(a) not only anticipates that cases will continue despite transfer motions, it explicitly provides that the pendency of a transfer motion is no excuse to dodge discovery obligations. This approach is not a local idiosyncrasy. It is consistent with longstanding understandings of core concepts such as "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Proceeding with cases during the pendency of a transfer request also has roots in deference to the plaintiff's choice of forum. That deference is embodied in the "clearly more convenient" standard. *In re Volkswagen of Am., Inc*., 545 F.3d. 304, 314 (5th Cir. 2008) (en banc). Deference to the plaintiff's choice of forum would vanish if defendants could stay the case against them simply by filing a transfer motion and waiting to the time of their choosing to request a stay.

There is ample precedent in the Federal Circuit for cases proceeding during the pendency of a transfer motion. Indeed, the ability of the district court to assess the facts as the case develops has been recognized crucial to proper evaluation of § 1404(a) motions. *In re Vistaprint, Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) ("[A] trial judge has superior opportunity to familiarize himself or herself with the nature of the case and the probable testimony at trial, and ultimately is better able to dispose of these motions."); *In re HTC Corp.*, 494 Fed. Appx. 81, 83 (Fed. Cir. 2012) ("[T]here is at least some evidence that Google will have little or no role in the litigation, as Google has not been subpoenaed …."); *In re Apple Inc.*, 456 Fed. Appx. 907, 909 (2012) ("[S]ome reasons for transfer because of convenience and fairness in regard to pre-trial proceedings such as subpoena power to secure witnesses for deposition deserve less consideration so close to trial."). As with the regional circuits, one panel of the Federal Circuit cannot reverse another. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 303 Fed. Appx. 884, 893 (Fed. Cir. 2008), *aff'd in part & rev'd in part on other grounds*, 576 F.3d 1348 (Fed. Cir. 2009) (*en banc*). Thus, the dicta in *In re Fusion-IO* cannot reverse these other precedents. The parties should have an opportunity to properly brief how (or whether) *In re Fusion-IO* can be reconciled with these and other Federal Circuit cases. The appropriate avenue for such briefing is on a separately-filed Motion to Stay, as required by the Local Rules.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and strike Google's Opposition to Plaintiffs' Motion for Leave to File a Supplemental Brief in Response to Google's Motion to Transfer, and, in the Alternative, Cross-Motion to Stay Case Pending Resolution of Google's Transfer Motion (Dkt. No. 97).

DATED: June 26, 2014          Respectfully submitted,

By:   */s/ Amanda K. Bonn*
Max L. Tribble, Jr. – Lead Counsel
State Bar No. 20213950
Alexander L. Kaplan, State Bar No. 24046185
John P. Lahad, State Bar No. 24068095
Shawn Blackburn, State Bar No.
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
akaplan@susmangodfrey.com
jlahad@susmangodfrey.com
sblackburn@susmangodfrey.com

Justin A. Nelson, State Bar No. 24034766
Parker C. Folse, III, WA State Bar No. 24895
Kristin Malone, WA State Bar No. 46251
**SUSMAN GODFREY L.L.P.**
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
jnelson@susmangodfrey.com
pfolse@susmangodfrey.com
kmalone@susmangodfrey.com

Amanda K. Bonn, CA State Bar No. 270891
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3131
Facsimile: (310) 789-3150
abonn@susmangodfrey.com

T. John Ward, Jr., State Bar No. 00794818
Claire Abernathy Henry, State Bar No. 24053063
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
D. Jeffrey Rambin, State Bar No. 00791478
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX  75647
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

*Attorneys for Rockstar Consortium US LP and NetStar Technologies LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 26th day of June, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

/s/ Amanda K. Bonn
Amanda K. Bonn

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have met and conferred telephonically pursuant to Local Rule CV-7(h) on the 25th day of June, 2014, and counsel for Defendant are opposed as to the disposition of the matters raised in this motion. Participants in the conference included the undersigned and D. Jeffrey Rambin (counsel for Plaintiffs) and David A. Perlson, Andrea P. Roberts, and James M. Mann (counsel for Google). No agreement could be reached, as Google insisted on filing its "Cross-Motion" to Stay as part of its Response on a separate motion, rather than filing it as a separate document as the Local Rules require. Although Google stated it would consider the possibility of allowing Plaintiffs to have additional briefing pages, it stated it did not believe such an agreement could be reached absent Plaintiffs further agreeing to an expedited briefing schedule, which Plaintiffs do not believe is necessary or appropriate. As such, discussions conclusively resulted in an impasse when Google filed its combined Response and Cross-Motion to Stay yesterday.

/s/ Amanda K. Bonn
Amanda K. Bonn