**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC,** | |
| **Plaintiffs,** | **Civil Action No. 2:13-cv-893** |
| **v.** | |
| **GOOGLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT GOOGLE INC.'S MOTION FOR THE COURT TO ENTER ITS
[MODEL] ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE
COSTS, TO LIMIT THE NUMBER OF ASSERTED CLAIMS, AND TO EXTEND THE
DEADLINE FOR THE PARTIES TO COMPLY WITH P.R. 4-2**

**Introduction**

Defendant Google Inc. respectfully requests that the Court enter its [Model] Order Focusing Patent Claims and Prior Art to Reduce Costs.  Google further requests the Court limit the number of claims asserted by Plaintiffs Rockstar Consortium US LP and Netstar Technologies LLC (collectively "Rockstar") to 15 claims per patent and no more than 50 total by July 14, 2014, or as soon thereafter as this matter can be heard.  Google additionally requests that the deadline for the parties to comply with P.R. 4-2 be extended to July 18, 2014, to account for this July 14 deadline to reduce claims.  Given Rockstar's conduct in this case to date, Google's request is needed to ensure the "just, speedy, and inexpensive determination of every action" envisioned by the Federal Rules of Civil Procedure.

Rockstar has accused Google of infringing 141 patent claims from six of the seven asserted patents in this action, U.S. Patent Nos. 7,236,969; 7,469,245;7,672,970; 7,895,178; 7,895,183; and 7,933,883 (collectively "the patents-in-suit").  In connection with the upcoming October 28, 2014 *Markman* Hearing, the parties have upcoming deadlines to identify proposed claim constructions.  (Dkt. No. 68.)  Although it is not practical to present 141 claims at trial, or to go through claim construction for 141 claims, Rockstar refuses to commit to narrow its case in any way.  Just last week, Rockstar agreed to jointly request that the Court enter its [Model] Order Focusing Patent Claims and Prior Art to Reduce Costs ("Model Order").  But days later, after Google sent Rockstar a draft joint motion, Rockstar changed its position and stated that it would not agree.

Rockstar does not dispute that it will not assert anything close to 141 claims at trial.  Nor does Rockstar dispute that there is no way the Court and parties can meaningfully address the myriad of claim construction issues that will naturally arise from so many claims.  Yet, Rockstar refuses to commit to reduce its asserted claims now, under the timeline of the Model Order, or

under any timeline at all.  Rockstar's apparent basis for its refusal to do so is that it views

Google's invalidity contentions as too broad.  But this a problem of Rockstar's own making, due

its assertion of 141 claims in an incredibly broad fashion based on its vague and insufficient

infringement contentions.   Granting Google's motion will thus benefit the Court and parties by

focusing the case to a more manageable scope, but will also resolve the very problem that

Rockstar raises to oppose Google's motion.

For these reasons, Google requests that the Court enter the Model Order, limit Rockstar

to 15 claims per patent and no more than 50 total by July 14, 2014, or as soon thereafter as this

matter can be heard, and extend the deadline for the parties to comply with P.R. 4-2 to July 18.

## Background

## I.     ROCKSTAR ASSERTS 142 CLAIMS.

Rockstar filed its complaint on October 31, 2013.  (Dkt. No. 1.)  Its complaint asserted

infringement of U.S. Patent Nos. 6,098,065 ("the '065 patent"); 7,236,969 ("the '969 patent");

7,469,245 ("the '245 patent");7,672,970 ("the '970 patent"); 7,895,178 ("the '178 patent");

7,895,183 ("the 183 patent"); and 7,933,883 ("the '883 patent").  All seven patents are titled

"Associative Search Engine."  Google moved to transfer the action to the U.S. District Court for

the Northern District of California on January 10, 2014.  (Dkt. No. 18.)  That motion is fully

briefed and pending before this Court.

On March 24, 2014, Rockstar served 1,261 pages of infringement allegations, accusing a

broad and vaguely defined set of products or services of infringing 142 claims[1] from the patents-

in-suit:

---

[1]   The cover pleading to Rockstar's P.R. 3-1 contentions listed 144 asserted claims, but
its claim charts did not include element by element contentions for two of those claims.
Rockstar has since confirmed that it is not currently asserting those two claims.  Because this
was not clarified until June 13, after the deadline for Google's P.R. 3-3 contentions, Google's

Plaintiffs allege that the following Accused Instrumentalities infringe the Asserted
Claims: Google's advertising services and applications including but not limited
to Google Ads, Google AdWords, and Google AdWords Express or similar
functionality used in conjunction with google.com, the Google Search app, the
Android search bar, Google custom search, Google premium search services,
youtube.com; Google search services provided to third-party websites such as
Custom Search Services or AdSense for Search; and any Google-owned property
that matches advertisements based in part on a received search term, along with
Google's search algorithm and Google's algorithm for providing advertisements
with search results. The Accused Instrumentalities also include any Google
system that collects user data through registration, tracking, or other means,
including but not limited to Google Plus, Doubleclick, Advertiser IDs for Android
or any other system or operation used to track user activity on any Google-owned
property, the data from which is used to provide search results and/or advertising
to its users. It also includes the computers, databases, data centers, and code
versions that perform or have performed the above activities.

(Ex. A, at 4.)[2]  Specifically, Rockstar asserted infringement of claim 1 of the '065 patent; claims

1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, and 23 of the '969 patent;

claims 1, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, and 25 of the '245

patent; claims 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28,

29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, and 47 of the '970 patent; claims 1,

5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, and 18 of the '178 patent; claims 1, 2, 4, 5, 6, 7, 8, 9, 10, 11,

12, 13, 14, 15, 17, 18, 19, and 20 of the '183 patent; and claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,

13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 28 of the '883 patent.  (*Id.*, at 3.)

Rockstar has since stated that it is not asserting claim 1 of the '065 patent.  Of the 141 remaining

asserted claims, 21 are in independent form and 120 are in dependent form.  The asserted claims

are highly repetitive, and many are method and system analogs.  (*See e.g.,* '970 patent, claims 1

and 17, and claims 10 and 26.)

contentions include element by element claim charts for those two additional claims.  Further,
the parties' correspondence prior to that date refers to 144 asserted claims, rather than 142, for
this reason.

[2]  Unless otherwise specified, all exhibits are attached to the Declaration of Andrea
Pallios Roberts, filed concurrently herewith.

As quoted above, Rockstar's infringement contentions fail to identify with specificity the Accused Instrumentalities.  They additionally fail to identify where each and every element of each asserted claim is allegedly found in the Accused Instrumentalities.  Rather, Rockstar's claim charts provide vague descriptions, parrot claim language, and cite documents without explaining their relevance.  They include numerous screen shots of various publicly available documents without identifying the portions of those documents on which Rockstar relies.  And the claim charts mix and match citations to documents that appear to be directed to different Accused Instrumentalities, rather than mapping a single Accused Instrumentality to the asserted claims.  (*See e.g.,* Ex. A.)

## II.   GOOGLE ASKED ROCKSTAR TO REDUCE THE NUMBER OF ASSERTED CLAIMS BEFORE RECEIVING GOOGLE'S INVALIDITY CONTENTIONS, AND ROCKSTAR REFUSED.

On April 14, 2014, over a month before Google's P.R. 3-4 contentions were due, Google asked Rockstar to reduce the number of asserted claims.  Google also requested that Rockstar provide more specificity in its voluminous infringement contentions.  Google explained that, not only did the huge number of asserted claims make it difficult for Google to analyze Rockstar's infringement contentions, but it would "greatly increase the volume of Google's invalidity contentions, which will be a burden to all parties."  Google further noted that Rockstar must know that it cannot possibly try anything remotely close to the then-142 claims.  Google noted the schedule for reducing claims in the Court's Model Order, and asked that Rockstar reduce the number of asserted claims before Google served its invalidity contentions under P.R. 3-3.  Rockstar refused, saying that the Model Order has not been entered in this case.  (Ex. B.)

### III.   GOOGLE ASKED ROCKSTAR TO JOINTLY REQUEST THAT THE COURT ENTER THE MODEL ORDER AND ROCKSTAR REFUSED.

Google completed its P.R. 3-4(a) document production of documents "sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P.R. 3-1(c) chart", on May 20, 2014, and served its P.R. 3-3 contentions on May 23, 2014.  (Dkt. No. 75.)  Google's P.R. 3-4(a) production comprised over 180,000 pages of documents.  On June 11—a week and half before the parties' first claim construction deadline (Dkt. No. 68)—Google again followed up with Rockstar regarding the unreasonable number of asserted claims.  Google explained that it believes that the Model Order is appropriate given Rockstar's current asserted claims and the patents at issue, and asked if Rockstar would file a joint motion for the Court to enter an order focusing patent claims and prior art.  Rockstar again refused.  (Ex. C.)

On June 25, after the parties had met and conferred on the issue, Rockstar told Google that it would <u>agree</u> to jointly request that the Court enter the Model Order, saying "this confirms that Plaintiffs Rockstar Consortium US LP and Netstar Technologies LLC would be amenable to jointly moving the Court to issue an Order limiting claim terms and prior art references along the lines disclosed in the Model Order referenced in General Order 13-20" and quoting the text of the Model Order.  (Ex. D.)  Rockstar further set forth what the deadlines would be given the schedule in this case and asked that Google confirm it agreed.  (*Id.*)  Based on this representation, Google did not file the present motion.  Rather, Google sent Rockstar a proposed joint motion for the Court to enter the Model Order on June 30.

On July 1, however, Rockstar reversed course and withdrew its agreement, and stated that a different dispute, Rockstar's complaint concerning the number of obviousness combinations in Google's current P.R. 3-3 disclosures, means that Rockstar "cannot meaningfully assess what an

order limiting claims and prior art should look like."[3]  (Ex. E.)  But Rockstar had <u>already</u> agreed

to what the order limiting claims would look like: it quoted the Model Order in its June 25 letter

indicating Rockstar's agreement to its terms.  (Ex. D.)  Moreover, the Model Order it quoted

already provided limitations on obviousness combinations.   Model Order, ¶ 3 ("For purposes of

this Final Election of Asserted Prior Art, each obviousness combination counts as a separate

prior art reference").  And the reductions in claims and art called for in the Model Order will also

assist Rockstar's purported concerns regarding the number of combinations.  Indeed, 12 of

Google's 39 invalidity charts disclosing the basis for its contentions that the asserted claims are

anticipated by the prior art related only to claim 1 of the '065 patent.

Thus, since Rockstar dropped that claim from its contentions, Google will not rely on

those prior art references to show anticipation of any other claim.[4]  In other words, by Rockstar

reducing the scope of its case by just <u>one</u> claim, that reduced the scope of Google's anticipation

case by a <u>third.</u>

## IV.    THE PARTIES HAVE IMMINENT CLAIM CONSTRUCTION DEADLINES.

Pursuant to the Court's Docket Control Order, the parties' upcoming claim construction

deadlines are as follows:

| July 15, 2014 | Comply with P.R. 4-2 (Exchange Preliminary Claim Construction) |
| August 5, 2014 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |

---

[3] Rockstar complains that Google's P.R. 3-3 invalidity contentions are supposedly insufficient and include "millions" of different obviousness combinations.  The "insufficiency" that Rockstar complains of boils down, in large part, to the way in which Google formatted its element by element claim charts so that they would not be too unwieldy given the then-142 asserted claims.  Thus, Rockstar's complaints are a direct result of the number of asserted claims.

[4] Rockstar has not amended its Complaint or served amended infringement contentions to reflect that the '065 patent is no longer asserted in this case.  Thus, to the extent that Rockstar attempts to assert that patent at some later point in the litigation, Google reserves its right to rely on its invalidity contentions as to that patent.

| September 2, 2014 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
|---|---|

(Dkt. No. 68.)  Claim construction briefing follows in September 2014.  (*Id.*)  Under the schedule set forth in the Court's Model Order, Rockstar would need to reduce the number of asserted claims to no more than ten claims from each patent and not more than a total of 32 claims by September 2.  In other words, Rockstar is currently asserting over <u>100</u> claims more than that would be permitted under the Model Order, with no confirmation that it will reduce the number of asserted claims at any point prior to claim construction briefing or thereafter.

<u>Argument</u>

**I.    THE COURT SHOULD ENTER THE MODEL ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE COSTS.**

A district court has discretion to "limit[] the number of claims to help expedite the case and effectuate case management."  *See, e.g., Hearing Components, Inc. v. Shure, Inc.*, No. 07-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) ("In order to secure the just, speedy, and inexpensive determination of this action pursuant to Fed. R. Civ. P. 1, the Court ORDERS . . . that Plaintiff shall select no more than three (3) representative claims from each patent for claim construction and trial."); *Data Treasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv- 00072 (DF), slip op. at 4 (E.D. Tex. Oct. 25, 2006) (Dkt. No. 325) (limiting asserted claims before claim construction proceedings); *see also Ameranth, Inc. v. Menusoft Sys., Inc.*, No. 2:07-cv-00271-TJW-CE, slip op. at 1 (E.D. Tex. Aug. 23, 2010) (Dkt. No.198) (*sua sponte* limiting number of asserted claims to no more than seven); *Stambler v. Amazon.com, Inc.*, No. 2:09-cv-00310, slip op. at 8 (E.D. Tex. Jan. 6, 2010) (Dkt. No. 222) (limiting number of asserted claims to no more than 10 after the disclosure of proposed terms for construction).  "Asserting an unreasonably large number of patent claims serves to obfuscate the more material issues in the case, and

effectively undermines the purpose of the patent rules." *Crane Co. v. Sandenvendo Am., Inc.*, No. 2:07-CV-00042-CE, slip op. at 1 (E.D. Tex. Aug. 15, 2008) (Dkt. No. 66) (granting defendants' motion to limit the number of asserted claims).  Indeed, a large number of asserted claims may be "extremely burdensome on both the parties and the Court." *Data Treasury Corp.*, slip op. at 4; *Crane*, slip op. at 1 ("The purpose of the patent rules is to streamline and narrow the triable issues in the case.").[5]

Consistent with this, on October 29, 2013, this Court issued a General Order Adopting Model Order Focusing Patent Claims and Prior Art to Reduce Costs, which is based on the Federal Circuit Court of Appeals' Model Order.  (*See* General Order 13-20.)  Under this Court's Model Order, "[b]y the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims."  If ordered in this case, that deadline will be September 2, 2014.  The Model Order thereafter provides deadlines for the reduction in number of prior art references, as well as for Final Election of Asserted Claims and Final Election of Asserted Prior Art.  If entered, Google recognizes that the deadlines would require it to limit its invalidity case as well.

It is appropriate to enter the Model Order in this case because the current number of asserted claims cannot realistically be tried to a jury.  Furthermore, the parties cannot reasonably go through claim construction for 141 claims.  Accordingly, the number of claims at issue in this case should be limited to the more rational number proposed by the Court's Model Order.

---

[5]   The Federal Circuit has confirmed that there are no due process issues in limiting the number of asserted claims for purposes of efficient case management. *See In Re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311 (Fed. Cir. 2011) (noting that plaintiff failed to show "that the claim selection procedure the district court employed was inadequate to protect [its] rights with respect to the unasserted claims").

For its part, Rockstar has identified no reason why the Court's Model Order should not be entered here. Again, just last week, Rockstar agreed to jointly request that the Model Order be entered. In opposing Google's request, Rockstar initially made the circular argument that it did not need to reduce the number of asserted claims because the Model Order has not been entered in this case. Rockstar has since taken the position—before and after its withdrawing its consent—that it will not join in Google's motion because it contends that Google's P.R. 3-3 contentions are insufficient. This is a red herring. The sufficiency of Google's invalidity contentions has no bearing on whether Rockstar has asserted an unreasonable number of claims. Moreover, the Model Order will require the parties to streamline the case, including Google's invalidity case, which would moot the vast majority of Rockstar's complaints about Google's invalidity contentions. Thus, there is no reason to not enter the Model Order here. Google respectfully requests that the Court do so.

## II.     THE COURT SHOULD ORDER ROCKSTAR TO IMMEDIATELY REDUCE THE NUMBER OF ASSERTED CLAIMS.

Rockstar should additionally be ordered to reduce the number of asserted claims to 15 claims per patent and no more than 50 total by July 14, 2014, or as soon thereafter as this matter can be heard, and the Court should extend the deadline for the parties to comply with P.R. 4-2 to July 18. Although this Court's Model Order would require a reduction in the number of asserted claims before claim construction briefs are due, that reduction would take place a mere two weeks before Rockstar's opening claim construction brief is due and the parties' claim construction tutorials are due. Perhaps more importantly, it would occur after the parties have identified claim terms for construction—which the parties did on June 24, proposed constructions and extrinsic evidence, and filed the joint claim construction statement. It is nonsensical for the parties to go through this process with 141 asserted claims. The parties will

be required to analyze over <u>4.5 times</u> as many claims permitted under the Model Order and spend resources reviewing and identifying extrinsic evidence and drafting proposed claim constructions for those claim terms, and meeting and conferring regarding the parties' respective proposals. *See Network Protection Sciences, LLC v. Fortinet, Inc.*, 2013 WL 1949051, at *2 (N.D. Cal. May 9, 2013) (referring to the patent plaintiff's assertion of "more than fifty patent claims" as "an unreasonable burden for [plaintiff] to place on its adversary, especially since [plaintiff] should have been more selective in choosing claims to assert," and further providing that plaintiff's recent reduction to fifteen asserted claims as "still too large to be tried").

Given the sheer volume of Rockstar's asserted claims, it is reasonable in this case to go beyond what is proposed in the Court's Model Order.  A reduction in the number of claim terms by September 2, the close of claim construction discovery, is too late to substantially reduce the costs associated with claim construction.  Thus, the Court should require Rockstar to first reduce the number of asserted claims to 15 claims per patent and no more than 50 total by July 14, 2014, or as soon thereafter as this matter can be heard.  The Court should further extend the deadline for the parties to comply with P.R. 4-2 to July 18 to account for this deadline.  This will allow the parties to focus on construing a more reasonable number of asserted claims, and not waste time and resources on claims that will never see trial.  Thereafter, the Model Order's timeline for reducing claims and prior art references will apply.

Indeed, going through the claim construction process with 141 claims will especially be a waste of resources if the case is transferred to the U.S. District Court for the Northern District of California.  (Dkt. No. 18.)  The Patent Local Rules in the Northern District of California limit the parties to collectively identifying only <u>ten</u> claim terms for construction.  (*See* Patent Local Rules for the U.S. District Court for the Northern District of California,

http://www.cand.uscourts.gov/localrules/patent, Rule 4-1.)  The parties exchanged terms for construction on June 24 and identified 110 terms for construction.[6]  Given the 141 claims asserted by Rockstar, there is virtually no chance that the parties here could settle on ten claim terms, or a number even close to ten.

## Conclusion

For the foregoing reasons, Google requests that the Court enter its Model Order, and that it additionally require Rockstar to reduce the number of asserted claims to 15 claims per patent and no more than 50 total by July 14, 2014, or as soon thereafter as this matter can be heard. Google further requests that the deadline for the parties to comply with P.R. 4-2 be extended to July 18, 2014.

---

[6]   Some of the terms raise similar issues, such as antecedent basis and method ordering.

DATED: July 2, 2014        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ David A. Perlson*

    J. Mark Mann
    State Bar No. 12926150
    G. Blake Thompson
    State Bar No. 24042033
    MANN | TINDEL | THOMPSON
    300 West Main Street
    Henderson, Texas 75652
    (903) 657-8540
    (903) 657-6003 (fax)

    QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
    Charles K. Verhoeven
      charlesverhoeven@quinnemanuel.com
    David A. Perlson
      davidperlson@quinnemanuel.com
    50 California Street, 22nd Floor
    San Francisco, California  94111-4788
    Telephone: (415) 875 6600
    Facsimile: (415) 875 6700

    *Attorneys for Google Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on July 2, 2014.

/s/ *Andrea Pallios Roberts*

Andrea Pallios Roberts

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have met and conferred telephonically pursuant to Local

Rule CV-7(h) on June 19, 2014, and counsel for Rockstar opposed Google's request for an

expedited briefing schedule on Google's Motion for the Court to Enter Its [Model] Order

Focusing Patent  Claims and Prior Art to Reduce Costs, and to Limit the Number of Asserted

Claims, and to Extend the Deadline for the Parties to Comply with P.R. 4-2.  Participants in the

conference included Justin Nelson, John Lahad, and Elizabeth DeRieux counsel for Rockstar,

and David A. Perlson, Andrea Pallios Roberts, and Lance Yang, on behalf of Google.  No

agreement could be reached.

/s/ *Andrea Pallios Roberts*

Andrea Pallios Roberts