**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GOOGLE INC.**<br><br>**Defendant.** | **Case No. 2:13-cv-00893-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF**
**PLAINTIFFS' MOTION TO STRIKE UNDER LOCAL RULE CV-7(A)**
**GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN RESPONSE TO GOOGLE'S MOTION TO TRANSFER, AND, IN THE ALTERNATIVE, CROSS-MOTION TO STAY CASE PENDING RESOLUTION OF GOOGLE'S TRANSFER MOTION (DKT. NO. 97)**

## I. INTRODUCTION

Google cites no authority justifying its decision to disregard Local Rule CV-7(a) by combining its own motion to stay with its opposition to Plaintiffs' separate motion to file a short, supplemental brief. Opp. at 2-3. Nor does Google attempt to respond substantively to Plaintiffs' arguments why a stay should be denied on the merits. Opp. at 6. Instead, Google argues inconsistently that it never intended to prejudice Plaintiffs by forcing them to respond to a motion to stay with a single reply brief on a different motion, only to turn around and insist that Plaintiffs must do just that. *Compare* Opp. at 4-5 (arguing that Plaintiffs "misstate[] the facts" in suggesting that Google intended to limit Plaintiffs to a single reply brief on both motions); *with id*. at 6 (declining to address any arguments "relat[ed] to the merits of whether a stay should be entered" on the grounds that Plaintiffs instead must "make those arguments in its reply in support of its Motion for Leave"). The Court should strike Google's opposition and "cross-motion" for a stay for violating the Local Rules and for failing on the merits.

## II. ARGUMENT

### A. Google Cites No Authority Justifying Its Disregard of Local Rule CV-7(a).

Local Rule CV-7(a) requires that "[e]ach pleading, motion or response to a motion must be filed as a separate document" except for "motions for alternative relief, e.g., a motion to dismiss, or, alternatively, to transfer." L.R. CV-7(a). Google does not attempt to argue that its request for a stay constitutes a "motion for alternative relief" falling within the exception to the local rule. Nor could it, as Google's pleading is not a motion seeking two forms of relief in the alternative at all, but rather is an opposition to <u>Plaintiffs'</u> motion for leave that has been improperly combined with <u>Google's</u> "cross-motion" for a stay. Google attempts to justify its actions by stating its demand for a stay is merely a "request" and "not a separate motion at all." Opp. at 2. Contrary to its suggestion that its demand for a stay is a "request" but not a motion—

and apart from the fact that a request for relief is, by its very nature, a motion—the title for Google's pleading indicates that it includes a "Cross-Motion to Stay Case Pending Resolution of Google's Transfer Motion." *See* Dkt. No. 97 (emphasis added).

Google further argues—without citing any authority—that it properly combined its motion for a stay with its opposition to Plaintiffs' motion for leave because the issues are "intertwined." Opp. at 2. There is no exception under the Local Rules that permits a "cross-motion" to be filed with an opposition brief when they are "intertwined." And it is not Google's prerogative to decide whether the supposedly "intertwined" nature of the issues permits it to simply ignore the Local Rules that do exist. Google could have either (1) filed a separate motion to stay or (2) sought leave from the Court to file a combined opposition and cross-motion.[1] Google did neither. Google cites no authority whatsoever that would justify its combined opposition and "cross-motion" to stay and completely disregards the authority Plaintiffs cited that such combined pleadings should be stricken. *See* Mot. at 7-8 (citing cases).

Google's final attempt to justify its decision to combine a motion to stay with its opposition to Plaintiffs' motion for leave is that the "availability of a continuance" is a relevant factor in deciding whether to permit supplemental briefing after the deadline has passed. Opp. at 3 (citing *Intel Corp. v. Commonwealth Scientific & Indus. Research Org.*, No. 06-CV-551, 2009 WL 8590766, at *1 (E.D. Tex. Apr. 9, 2009)) (emphasis added). In *Intel*, the Court denied the defendants' request to supplement their motion for summary judgment, opposition to the

[1] Google suggests that absent its combined filing, it would not have been able to address the availability of a stay as a cure for potential prejudice in its opposition to Plaintiffs' motion for leave. Opp. at 3. Not so. To the extent Google believed it was relevant to the motion for leave, Google could have raised arguments regarding the availability of a stay in its opposition while filing a separate motion actually requesting such relief. But Google was not entitled to decide unilaterally to violate the Local Rules by combining a "cross-motion" seeking a stay with its opposition to a separate motion for leave to file supplemental briefing.

plaintiff's motion for summary judgment, and an expert report in light of the Patent and Trademark Office's grant of reexamination. *Intel*, 2009 WL 8590766, at *1. In doing so, the court recognized that such belated supplementation would cause undue prejudice and that a continuance was not available due to the parties' reliance on a rapidly approaching trial date. *Id.* at *1-2. But Google's pleading does not simply address the availability of a continuance as a potential cure for prejudice; instead, it affirmatively requests that the Court stay the case entirely while Google's motion to transfer is pending. Nothing in the *Intel* decision remotely suggests that filing a supplemental brief on a transfer motion in these circumstances would cause prejudice, that a stay would be necessary to cure any such prejudice, or that it is proper to violate the Local Rules by combining a motion to stay the case with an opposition to the motion seeking leave to file supplemental briefing.

**B. Google's Insistence that Plaintiffs Address Its "Cross-Motion" to Stay the Case in a Reply to Another Motion Prejudices Plaintiffs.**

Rather than offering any authority to support its disregard of Local Rule CV-7(a)—or addressing the authority Plaintiffs cited that support striking its improper pleading—Google devotes the majority of its brief to arguing that it did not intend to limit Plaintiffs' ability to fully oppose to the merits of a stay. Opp. at 4-5. Google, accordingly, argues that it offered to "discuss" permitting Plaintiffs additional briefing during the parties' meet-and-confer and that it did not intend to make such a "discussion" conditional on Plaintiffs accepting an expedited briefing schedule. Opp. at 5 & n.4.

But the proof is in the pudding: When Plaintiffs opposed Google's request for expedited briefing, Google filed a motion that indeed demanded Plaintiffs file a single reply brief to both motions (and on an expedited schedule). *See* Dkt. No. 98 at 1 (stating under the proposed schedule that "Rockstar's Reply shall be due on Monday, June 30, 2014" and making no

provisions for either additional pages of briefing or a sur-reply regarding the "cross-motion" to stay).[2] If Google truly did not intend to condition an offer for additional pages of briefing (and its offer to "discuss" a sur-reply) on Plaintiffs' acceptance of an expedited schedule, it could have provided for such additional briefing in its motion to expedite. Google did not do so.

Moreover, contrary to its suggestion that it had no interest in forcing Plaintiffs to respond to the merits of a stay with a single reply brief on a different motion, Google turns around and argues in its opposition brief that Plaintiffs should have done just that. Despite the fact that Plaintiffs' Motion to Strike sets forth reasons why Google's request for a stay should be denied on the merits, Mot. at 8-11, Google refused in its opposition even to address such arguments on the grounds that they "relate to the merits of whether a stay should be entered" and thus should have been made in Plaintiffs' "reply in support of its Motion for Leave." Opp. at 6. Google's insistence that the only place in which Plaintiffs may oppose a stay is in a reply brief on a different motion confirms that the combined pleading prejudices Plaintiffs and belies Google's denial that this was its intended effect.[3]

### C. Google's Refusal to Defend a Stay on the Merits Further Justifies Striking Its Opposition and "Cross-Motion" to Stay.

Plaintiffs' motion sets forth numerous reasons why a stay should be denied on the merits (or, at the very least, why the subject requires full briefing on a properly-filed motion). Mot. at 8-

---

[2] Similarly, in its initial correspondence demanding an expedited briefing schedule, Google insisted that Plaintiffs would be limited to a single reply brief on both motions. *See* Bonn Decl. Exh. 1 at 6 ("[W]e propose an expedited briefing schedule for the remaining briefing on this issue. We propose that Rockstar file its reply by Monday, June 30, and Google will file its sur-reply by Wednesday, July 2.").

[3] In light of the impropriety of Google's combined pleading, Plaintiffs believed the appropriate course of action was to file a motion to strike rather than acceding to Google's violation of the Local Rules by filing a single, combined reply on both motions.

11. First, any supposed prejudice that Google claims must be remedied by stay—*e.g.*, delay of the Court's resolution of the pending transfer motion—was caused by Google's unnecessary motion practice and not Plaintiffs' filing of a short, supplemental brief. Opp. at 8-9. Second, contrary to Google's suggestion that a stay is required by *In re Fusion-IO*, 489 Fed. Appx. 465, 465 (Fed. Cir. 2012), the language regarding a stay in that case was mere dicta. Opp. at 10-11. Third, staying the case pending transfer is contrary to (1) Local Rule CV-26(a)'s presumption that cases will proceed even when there are "pending motions . . . to change venue"; (2) the deference to the plaintiff's choice of forum that is embodied in the transfer analysis; and (3) Federal Circuit case law regarding ongoing developments in cases where a transfer has been requested. Opp. at 10-12 (citing authority).

Google has elected not to address a single one of these arguments in its opposition brief, justifying its refusal to do so on the grounds that Plaintiffs were only entitled to raise such arguments in their reply brief to their motion for leave. Opp. at 6. The Court should therefore strike Google's combined opposition and "cross-motion" to stay, as Google has offered no justification why a stay is warranted in light of the authority cited above.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to strike Google's opposition to Plaintiffs' motion for leave and cross-motion to stay the case.

DATED: July 7, 2014 Respectfully submitted,

By: */s/ Amanda K. Bonn*
Max L. Tribble, Jr. – Lead Counsel
State Bar No. 20213950
Alexander L. Kaplan, State Bar No. 24046185
John P. Lahad, State Bar No. 24068095
Shawn Blackburn, State Bar No.
**SUSMAN GODFREY L.L.P.**

1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
akaplan@susmangodfrey.com
jlahad@susmangodfrey.com
sblackburn@susmangodfrey.com

Justin A. Nelson, State Bar No. 24034766
Parker C. Folse, III, WA State Bar No. 24895
Kristin Malone, WA State Bar No. 46251
**SUSMAN GODFREY L.L.P.**
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
jnelson@susmangodfrey.com
pfolse@susmangodfrey.com
kmalone@susmangodfrey.com

Amanda K. Bonn, CA State Bar No. 270891
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3131
Facsimile: (310) 789-3150
abonn@susmangodfrey.com

T. John Ward, Jr., State Bar No. 00794818
Claire Abernathy Henry, State Bar No. 24053063
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
D. Jeffrey Rambin, State Bar No. 00791478
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

***Attorneys for Rockstar Consortium US LP and NetStar Technologies LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 7th day of July, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

*/s/ Amanda K. Bonn*____
Amanda K. Bonn