IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 13-cv-00893-RG |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GOOGLE INC. | ) ) | |
| Defendant. | ) ) ) | |

## GOOGLE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' PATENT RULE 3-1 INFRINGEMENT CONTENTIONS

## INTRODUCTION

Rockstar's Infringement Contentions are insufficient under Patent Rule 3-1 ("P.R. 3-1") because they fail to identify where each and every element of each asserted claim is allegedly found in the Accused Instrumentalities.   Rockstar's contentions are filled with prejudicial omissions: they parrot claim language, cite documents without explaining their relevance, and incorporate bare screen shots – without identifying the portions of those screens on which Rockstar relies and without explaining how anything depicted on the screens allegedly meets the recited limitations.  Courts have held these very omissions show a failure to comply with the Patent Rules.  Rockstar's Infringement Contentions also improperly mix together documents directed to different Accused Instrumentalities, rather than map a single Accused Instrumentality to the asserted claims.  Rockstar's contentions span more than 1,200 pages because they cover more than 140 asserted claims, yet they do not provide Google notice of what is specifically accused of meeting the limitations of the claims.  Despite Google's repeated requests that it supplement its contentions, Rockstar refuses to comply with P.R. 3-1.

Because Rockstar has refused to provide Google with meaningful notice of Rockstar's infringement theories, Google requests that the Court strike Rockstar's Infringement Contentions.   In the alternative, Google requests that the Court compel Rockstar to serve amended contentions that comply with P.R. 3-1 within 10 days of this Court's order, allow Google to amend its responsive disclosures as appropriate, and continue the trial date.

## RELEVANT BACKGROUND

### I.      ROCKSTAR SERVES DEFICIENT INFRINGEMENT CONTENTIONS AND REFUSES TO SUPPLEMENT THEM.

Plaintiffs Rockstar Consortium US LP and Netstar Technologies LLC ("Rockstar") filed this lawsuit on October 31, 2013, accusing Defendant Google Inc. ("Google") of infringing U.S.

Patent Nos. 6,098,065[1]; 7,236,969; 7,469,245; 7,672,970; 7,895,178; 7,895,183; and 7,933,883 (the "patents-in-suit") which are directed to an Associative Search Engine.  On March 24, 2014, Rockstar served its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions").  (Dkt. No. 40.)

On April 14, Google complained to Rockstar that its Infringement Contentions do not provide the required specificity to give Google notice of what Rockstar contends infringes the asserted claims.  (Ex. 1 (Roberts 4/14/14 Email).)  Google requested that Rockstar provide more specificity in order to comply with Rule 3-1.  (*Id.*)  Rockstar refused to do so, contending that its contentions "name each instrumentality currently accused of infringement and provide ample evidence 'identifying specifically where each element of each asserted claim is found within each Accused Instrumentality.'"  (Ex. 2 (Lahad 4/18/14 Email) (quoting Rule 3-1).)

## II.   GOOGLE PRODUCES EXTENSIVE TECHNICAL DOCUMENTATION, BUT ROCKSTAR CONTINUES TO REFUSE TO SUPPLEMENT.

Google completed its technical document production pursuant to Patent Rule 3-4(a) on May 20, 2014.  (Dkt. No. 75.)  Google went over and above P.R. 3-4(a)'s requirement to produce documents "sufficient to show" the operation of the Accused Instrumentalities, producing more than 180,000 pages of technical documentation.  Thereafter, Rockstar complained that Google's Patent Rule 3-3 Invalidity Contentions did not comply with the Rules.  (Ex. 3 (Lahad 6/13/14 Email.)  Google responded, among other ways, that its Invalidity Contentions provided more specificity than Rockstar's own Infringement Contentions, which Rockstar maintains comply with the Rules, and refuses to supplement.  (Ex. 4 (Roberts 6/16/14 Email).)  In a letter of June 25, Rockstar disagreed that Google's Invalidity Contentions provide sufficient detail.  (Ex. 5 (Lahad 6/25/14 Letter).)  Rockstar contended that Google "should have provided further detail in

---

[1]   Rockstar is no longer asserting infringement of the '065 patent.

its DoubleClick and NetGravity charts," and that "[t]he burden is not on Rockstar to cite examples of something it does not understand." (*Id.* at 4.)

The parties met and conferred regarding Google's Invalidity Contentions and Rockstar's Infringement Contentions on June 19, in letters dated June 23, June 25, and June 30, and in person on July 10, 2014, and Google explained the deficiencies in Rockstar's disclosure. (*See*, *e.g.*, Ex. 6 (Roberts 6/23/14 Letter) at 4-5, Ex. 7 (Yang 6/30/14 Letter) at 3.) In addition to describing the overarching deficiencies, Google pointed Rockstar to specific, prejudicial examples. For instance, Google pointed out that Rockstar's chart for claim 1 of the '969 patent does not explain what in Google's systems allegedly constitute the "search request" or the "search argument," which are distinct claim limitations. (Ex. 6 (Roberts 6/23/14 Letter) at 4.) Rockstar's chart for claim 1 of the '245 patent likewise does not explain the difference between the "user preference input" and the "user preference data," or how Rockstar contends the latter is created based on the former, as required by the claim. (*Id.*) Similarly, Rockstar's chart for claim 1 of the '183 patent does not identify what the "first" and "second display portion of a display of the data processing device" are, leaving Google to speculate whether Rockstar contends these "display portions" are windows, physical portions of one screen, two different screens, or something else. (*Id.*) Google noted that Rockstar's infringement contentions are rife with these deficiencies. (*Id.*)

Rockstar refused Google's multiple requests that Rockstar supplement its deficient contentions. (*See*, *e.g.*, Ex. 5 (Lahad 6/25/14 Letter) at 5.) Rockstar has never provided a substantive response to the prejudicial omissions Google identified. Instead, Rockstar has said that it will not supplement its contentions until required to do so by the Discovery Order. (Ex. 6 (Roberts 6/23/14 Letter) at 4; Dkt. No. 69.)

## ARGUMENT

I. **THE PATENT RULES REQUIRE A PATENT HOLDER TO PROVIDE NOTICE OF WHAT IS SPECIFICALLY ACCUSED.**

Under the express requirements of Rule 3-1(c), patentees must produce a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c) (emphasis added). A chart "must particularly point to the portion of the Accused Product which is asserted to perform the function described in each claim limitation" such that defendants have "adequate notice and information with which to litigate their cases." *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706, 714 (E.D. Tex. 2008). Patentees are also required to be "as specific as possible" in identifying the accused products, P.R. 3-1(b), and must disclose whether any element is claimed to be present under the doctrine of equivalents. P.R. 3-1(d). P.R. 3-1 contentions "must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement." *UltimatePointer LLC v. Nintendo Co.*, Nos. 11-cv-496, 11-cv-571, 2013 WL 6253767, at *2 (E.D. Tex. Dec. 3, 2013) (quoting *Realtime Data, LLC v. Packeteer, Inc.*, No. 08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009)); *see also Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (the Patent Rules are meant to "provide all parties with adequate notice and information with which to litigate their cases").

II. **ROCKSTAR'S INFRINGEMENT CONTENTIONS DO NOT COMPLY WITH PATENT RULE 3-1.**

A. **Rockstar's Claim Charts Do Not "Identify[] Specifically Where Each Element of Each Asserted Claim Is Found Within Each Accused Instrumentality," In Violation Of Rule 3-1(c).**

Rockstar's Infringement Contentions do not put Google on notice of what Rockstar claims infringes the asserted claims, nor do they explain how the Accused Instrumentalities allegedly infringe the asserted claims. Several courts have held infringement contentions like Rockstar's to be inadequate. For example, courts have held that a patentee's infringement

4

contentions are inadequate where they "incorporate[] screen shots in lieu of explanatory text," such that the defendant must "guess what particular system (or aspect of a particular system) [plaintiff] is accusing of meeting each limitation." *Digital Reg. of Tex., LLC v. Adobe Sys. Inc.*, No. 12-cv-01971, 2013 WL 3361241, at *3-4 (N.D. Cal. July 3, 2013); *see also Droplets, Inc. v. Amazon.com*, No. C12-03733, 2013 WL 1563256, at *3-5 (N.D. Cal. Apr. 12, 2013) (holding that infringement contentions comprised of many pages of screen shots for each limitation "fail to provide the factual basis of the [patentee's] contentions" without an explanation as to "which language from the claim limitations corresponds to the selected . . . screen shots"); *Global Sessions LP v. Travelocity.com LP*, No. 10-cv-671, 2012 WL 1903903, at *7 (E.D. Tex. May 25, 2012) ("Simply charting www.amazon.com as a representative example to illustrate specific theories of infringement for multiple websites is insufficient . . . ."). Courts have also held contentions are inadequate where they merely parrot the claim language. *See, e.g.*, *H-W Tech., L.C. v. Apple, Inc.*, No. 11-cv-651, 2012 WL 3650597, at *4, *7 (E.D. Tex. Aug. 2, 2012) (ordering patentee to supplement infringement contentions, in part because the existing contentions "merely recite[d] language from the claims at issue without providing any support for some of their elements"). Likewise, courts have held contentions are inadequate where they purport to cover an uncharted product simply because they cover an allegedly similar charted product. *Computer Acceleration Corp.*, 503 F. Supp. at 823, 825 (striking infringement contentions for accused product A as inadequate under P.R. 3-1, where patentee charted only accused product B and claimed that that chart covered accused product A as well).

Rockstar's contentions commit all of the above offenses. First, they are comprised almost entirely of screen shots. For example, the screen shots corresponding to the limitation "receiving, from the user, a search request including a search argument corresponding to the desired information," recited in claim 1 of the '969 patent, depict text entered on

www.google.com, on a mobile handset running Android 4.2, on a tablet device running Android 4.0.2, on AOL, on the Google Search Application running on iOS 7.1, on YouTube, on Google custom search, and in "GET request of Advanced Search."  (Ex. 12 ('969 chart) at 2-9.)  These bare screen shots fail to identify what Rockstar contends is "a search request" or "a search argument;" indeed, Rockstar makes no attempt whatsoever to point out, highlight, or annotate specifically what on these screens allegedly constitutes "a search request" or "a search argument."  By way of example, two of these bare screen shots are pictured below:





(*Id.* at 3 and 8.)

Contrary to the requirement to "identify[] specifically" each accused element, Rockstar's disclosure withholds any indication of what portions of these screens it intends to rely upon. Because Rockstar makes no attempt to explain how the screen shots demonstrate that the claim limitation is satisfied, nor to identify what the "search request" and "search argument" are alleged to be, Google cannot determine if Rockstar contends the "search argument" is a query, a word in the query, or something else, and where, if at all, the recited "search request" is shown.

Rockstar's failure to comply with the Patent Rules requirements is pervasive.  For the '969 claim chart, more than 180 out of 217 pages contain *only* screen shots.  (Ex. 12 ('969 chart).)  The screen shots Rockstar relies on for the '969 patent also depict, among other things, Google, YouTube, and Chrome customer support web pages relating to targeted advertising, and official Google blog posts regarding the same.   The screen shots are mix-and-match combinations of separate applications and devices, which makes it even less clear how Rockstar contends that "<u>each</u> element of <u>each</u> asserted claim is found within <u>each</u> Accused Instrumentality." (P.R. 3-1(c) (emphasis added); Ex. 12 ('969 chart), *passim*.)

The '245 claim chart has the same flaws.  More than 110 of 148 pages contain *only* screen shots, and with respect to claim 1, Rockstar's contentions allege that eight different screen shots satisfy the limitation "creating user preference data based upon the user preference input." (Ex. 13 ('245 Chart) at 10-17.)  The screen shots depict Google Search History, a google.com tutorial on how search works, a Google support web page on ad settings, a Google blog post on ad transparency, Settings for Google Ads on google.com, and instructions on creating one's own Google account.  (*Id.*)  Two examples of Rockstar's bare screen shots which completely fail to identify the elements it contends correspond to "creating user preference data based upon the user preference input," are pictured below:

7





(*Id.* at 11 and 13.)

Rockstar deliberately avoids identifying where on these screen shots there is "user preference input" and "user preference data."  And Rockstar does not explain how the screen shots demonstrate that the "creating" limitation in the claim is satisfied.  The '245 chart also uses screen shots mixed and matched from discrete applications and devices.  Again, Rockstar does not provide notice of how it contends "each element of each asserted claim is found within each Accused Instrumentality."  P.R. 3-1(c).

The charts for the other patents-in-suit are similarly deficient.  (Exs. 14-17 (all other claim charts.)  It is well-settled law that Rockstar's disclosure fails to comply with P.R. 3-1, and the Court should strike the deficient contentions.

## B.    Rockstar Has Not Made An Identification Of The Accused Instrumentalities That Is "As Specific As Possible" As Required By Rule 3-1(b).

Under the Patent Rules, Rockstar must be "as specific as possible" in indentifying the accused products.  P.R. 3-1(b).  Rockstar fails to meet this standard.  For instance, as to Claim 1 of the '969 patent, Rockstar broadly alleges the following:

> Google's advertising services and applications perform the steps of the claimed method. The infringing services and applications include but are not limited to Google Ads, Google AdWords, and Google AdWords Express (or similar functionality) used in conjunction with google.com, the Google Search app, the Android search bar, Google custom search, Google premium search services, youtube.com, Google search services provided to third party websites such as Custom Search Services or AdSense for Search, and any Google-owned property that matches advertisements based in part on a received search term (hereinafter the "Accused Instrumentalities").

(Ex. 12 ('969 chart) at 1.)  The allegations are nearly identical for Claim 1 of each of the other patent-in-suit.  (Exs. 13-17 (all other claim charts) at 1.)  "Google Ads" is an extremely broad and vague reference.  Google's advertising system is very complex and comprised of many different functionalities.  Rockstar's ambiguous allegations improperly place on Google the burden of determining what functionalities in Google's complex systems Rockstar may elect to accuse.

Rockstar's discovery demands relating to these allegations further exemplify such burden-shifting.  Rockstar has requested that Google "produce all source code relating to functionalities identified in Plaintiffs' infringement contentions, including but not limited to source code relating to AdWords, AdSense, AdServer (release software), GWS (Google Web Server), GFE (Google Front End), Google Search Request and Google Search Response Objections, Google and Double-Click cookies, and search ranking, and any other source code relating to functionalities identified in Plaintiffs' infringement contentions."  (Ex. 8 (Bonn 7/2/14

Email).)  Google asked Rockstar weeks ago for an explanation of why it believes all such code is relevant (Ex. 9 (7/3/14 Roberts Email)) – for example, AdSense is not even accused – but Rockstar has not provided an explanation.  The Patent Rules are intended to foreclose this sort of catch-all identification of accused products.  *See Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 13-cv-17, 2013 WL 5763738, at *3 (E.D. Tex. Aug. 5, 2013) (denying plaintiff's motion for leave to amend infringement contention, and stating, "Plaintiff chose to list a handful of exemplar products and then demand that Defendants disclose additional products. But the burden is on Plaintiff, not Defendants, to search for and identify infringing products to the extent possible based on publically available information.").

### C.   Rockstar Makes Impermissible Blanket Assertions Regarding Infringement Under The Doctrine Of Equivalents, In Violation Of P.R. 3-1(d).

Patentees cannot rely on blanket assertions that, to the extent they cannot prove literal infringement, every limitation of every claim is present under the doctrine of equivalents.  *See*, *e.g.*, *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 12-cv-729, 2013 WL 3894880, at *2-9 (S.D. Cal. July 26, 2013) (holding that such generalized contentions were insufficient to "alert the alleged infringer which theories the patentee believes its pre-filing investigation supports").  Each of Rockstar's claim charts states, "In the event that a claim element is deemed to be missing under a literal infringement analysis (e.g., due to claim construction), Rockstar reserves the right to demonstrate the presence of a substantial equivalent of such an element and to pursue infringement under the doctrine of equivalents."  (Exs. 12-17 (all claim charts) at 1.)   These blanket allegations of potential infringement by equivalents – without so much as an attempt to claim there is evidence supporting the allegations – is improper.  Under the Patent Rules, claim charts must show "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality."  P.R. 3-1(d) (emphasis added); *see also Ameranth*, 2013 WL 3894880, at *2-9; *ICON Internet Competence*

*Network B.V. v. Travelocity.com LP*, No. 11-cv-01131, 2013 WL655024, at *10-11 (N.D. Tex. Feb. 22, 2013) (boilerplate doctrine of equivalents contentions inadequate); *Schutz Container Sys., Inc. v. Mauser Corp.*, No. 09-cv-3609, 2010 WL 2408983, at *2 (N.D. Ga. June 11, 2010) (holding that if plaintiff wants to assert a claim under the doctrine of equivalents, it must amend its "boilerplate" contentions "to assert such a claim on a limitation-by-limitation basis"). The Court should strike Rockstar's contentions under the doctrine of equivalents.

## III.   THE COURT SHOULD STRIKE ROCKSTAR'S DEFICIENT CONTENTIONS FOR FAILURE TO COMPLY WITH PATENT RULE 3-1.

In deciding whether infringement contentions should be struck, this Court considers the following factors: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *H-W Tech.*, 2012 WL 3650597 at *6 (citing *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822). Here, all four factors weigh in favor of striking Rockstar's deficient contentions.

### A.   Rockstar Has No Explanation For Delay, And Has Not Been Diligent In Providing Or Supplementing Its Infringement Contentions.

Rockstar's heavy reliance on bare screen shots and its refusal to supplement these with a disclosure of how specific products practice specific claim limitations is unexcused. Rockstar has no explanation for the delay in providing contentions that comply with the Patent Rules. Indeed, Rockstar's repeated use of bare screen shots demonstrates it has deliberately withheld the disclosure required by the Patent Rules. Rockstar could have, but chose not to, point out, highlight, or annotate specific portions of those documents it intends to rely on. It could have, but chose not to, explain how what is depicted allegedly meets the recited limitations.

Rockstar's failure to explain how it contends Google practices each limitation of the asserted claims is not excused by the fact that Rockstar did not initially have access to Google's

confidential technical documentation.  *See*, *e.g.*, *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) ("'The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.' . . . Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement.") (citation omitted).  Moreover, even if Rockstar's vague contentions could have somehow been justified at the outset of the case, Google produced more than 180,000 pages of technical documents over two months ago.  Thus, Rockstar cannot complain that it needs access to confidential information to remedy its deficient disclosure.  But Rockstar still refuses to provide a single word in response to Google's numerous examples of prejudicial gaps.

To the extent that Rockstar has offered any "explanation" for its delay, it relies on provisions of the Discovery Order addressing production of source code.  (Ex. 6 (Roberts 6/23/14 Letter) at 4; Dkt. No. 69.)  That provision of the Discovery Order, however, does not excuse Rockstar from providing sufficient disclosures in the first instance; rather it merely provides a deadline by which Rockstar is entitled to <u>further</u> supplement its Infringement Contentions <u>after</u> the complete production of source code.

### B.    <u>Striking Rockstar's Infringement Contentions Is The Appropriate Sanction.</u>

While the decision whether to strike Rockstar's Infringement Contentions lies within the discretion of the Court, doing so is the most appropriate remedy because Rockstar has refused Google's repeated requests for supplementation.  In stark contrast with Google's many attempts to address Rockstar's complaints regarding Google's Invalidity Contentions (*see*, *e.g.*, Dkt. Nos. 117-3, 117-5, 117-6), Rockstar flatly refused to make any attempt to address Google's concerns. (Ex. 2 (Lahad 4/18/14 Email); Ex. 5 (Lahad 6/25/14 Letter) at 5.)  Given Rockstar's position,

were the Court to order Rockstar to amend its contentions, the new contentions would still likely fail to comply with the Patent Rules, necessitating further motion practice.  *Compare Computer Acceleration Corp.*, 503 F. Supp. at 824-25 (finding this factor "weighe[d] heavily in favor of striking" an infringement contention where patentee ignored the "crystal clear" requirement to "provide a claim chart for each accused product," and noting that to hold otherwise would "discourage the voluntary exchange of information") *with H-W Tech.*, 2012 WL 3650597 at *7 (finding this factor weighed against striking all infringement contentions, in part because the patentee had "attempted to address any deficiencies through supplemental infringement contentions").

### C. Absent Striking Rockstar's Infringement Contentions, There Is Significant Risk Of Unfair Prejudice To Google.

Rockstar's failure to put Google on adequate notice of the claims against it has caused Google significant prejudice.  For example, Rockstar's refusal to point out what specifically in Google's systems Rockstar contends meet the "user preference input" and "user preference data" limitations, as described above, has prejudiced Google throughout the claim construction process.  The parties proposed differing claim constructions for these claim terms, but Google never received an adequate disclosure of what Rockstar contends falls within the scope of those claims.  That is precisely the prejudice that the disclosure requirements in the Patent Rules are intended to avoid.  Similarly, Google has produced and is working to produce all "relevant" documents as required by the Discovery Order.  But it is hampered in doing so by Rockstar's failure to articulate clearly what is accused.  This inevitably means that the parties will disagree as to whether Google has completed its discovery obligations, necessitating expending time and resources on meet and confers and potential motion practice.  More generally, Google still does not have the core information it needs in order to build a defense against Rockstar's allegations of infringement.  *See Connectel*, 391 F. Supp. 2d at 528; *see also Linex Techs., Inc.*, 628 F. Supp.

at 711-12 (noting that non-detailed, non-product-specific infringement contentions prevent defendants from building their defenses).   The opening claim construction brief is due on September 16, 2014; the deadline to substantially complete document production is September 16, 2014; the *Markman* hearing is set for October 28, 2014; and jury selection is set for June 8, 2015.  (Dkt. No. 68.)  From the date that the parties are required to substantially complete their document productions, they will have less than four months to complete depositions before the close of fact discovery.   Under this tight schedule, Rockstar's deliberate omissions have prejudiced Google in developing its non-infringement and invalidity theories.  This prejudice could have been avoided had Google received sufficient infringement contentions, or even if Rockstar had offered a substantive, good-faith response to the inadequacies Google specifically identified.

### D.    Only A Continuance Of The Trial Date Would Cure The Prejudice To Google.

The only continuance available to cure the prejudice to Google is to continue the trial date.  The current close of fact discovery is January 7, 2015, and jury selection is set to begin on June 8, 2015.  Were the Court to continue only the fact discovery deadline to accommodate Rockstar's failure to timely provide adequate contentions, the deadlines thereafter, including the time the Court has to resolve dispositive motions, *Daubert* motions, and pretrial filings, would be excessively compressed, further prejudicing Google.   Thus, unless the Court is amenable to continuing the trial date, no remedy can relieve the prejudice to Google caused by Rockstar's refusal to provide adequate notice of its infringement theories.

### IV.    IN THE ALTERNATIVE, THE COURT SHOULD ORDER ROCKSTAR TO PROMPTLY SUPPLEMENT ITS DEFICIENT CONTENTIONS AND CONTINUE THE TRIAL DATE.

If the Court does not find that Rockstar's deficient Infringement Contentions should be stricken, the Court should require that Rockstar promptly amend them to comply with the Patent

Rules.  *See Digital Reg. of Tex.*, 2013 WL 3361241 at *3-4; *Droplets, Inc.*, 2013 WL 1563256 at *3-5; *H-W Tech.*, 2012 WL 3650597 at *4, *7-8.  The Court should also provide Google the opportunity to amend its subsequent disclosures as appropriate, and continue the trial date.  The prejudice to Google caused by Rockstar's refusal to make a good faith effort to "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality," P.R. 3-1(c), is ongoing.  Rockstar's failure to make its required disclosures will hamper claim construction briefing, the Court's *Markman* hearing, timely completion of fact discovery, and expert reports on non-infringement and invalidity.  The Court's schedule for this case was premised on Rockstar's timely compliance with the Patent Rules, which it failed to do.  The Court should order Rockstar promptly to comply and set a new schedule that will, consistent with the timing of other deadlines regularly established by this Court, provide Google with a fair chance to prepare its case for trial.

## CONCLUSION

For the foregoing reasons, Google requests that the Court strike Rockstar's infringement contentions.  In the alternative, Google requests that the Court compel Rockstar to serve amended Infringement Contentions that comply with P.R. 3-1 within 10 days of this Court's order, allow Google to amend its subsequent disclosures as appropriate, and continue the trial date.

DATED: August 8, 2014                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    /s/ David Perlson
_____

                        J. Mark Mann
                        State Bar No. 12926150
                        G. Blake Thompson
                        State Bar No. 24042033
                        MANN | TINDEL | THOMPSON
                        300 West Main Street
                        Henderson, Texas 75652
                        (903) 657-8540
                        (903) 657-6003 (fax)

                        QUINN EMANUEL URQUHART &
                        SULLIVAN, LLP
                        Charles K. Verhoeven
                           charlesverhoeven@quinnemanuel.com
                        David A. Perlson
                           davidperlson@quinnemanuel.com
                        50 California Street, 22nd Floor
                        San Francisco, California  94111-4788
                        Telephone: (415) 875 6600
                        Facsimile: (415) 875 6700

                        *Attorneys for Google Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 8, 2014.

/s/ *Andrea Pallios Roberts*

Andrea Pallios Roberts

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have met and conferred telephonically and in person pursuant to Local Rule CV-7(h) and the Discovery Order.  In addition to meeting and conferring via email, on June 19, 2014 counsel for Plaintiffs (Justin Nelson, John Lahad, and Elizabeth Derieux) and counsel for Defendant (David Perlson, Andrea Pallios Roberts, and Lance Yang) met and conferred telephonically regarding the issue presented in this motion.  In addition, on July 10, 2014, lead and local counsel for Plaintiffs (Max Tribble, John Lahad, and Jeff Rambin) met and conferred in person with lead and local counsel for Defendant (Charles Verhoeven, Andrea Pallios Roberts, and Blake Thompson) regarding the issue presented in this motion.  The parties were unable to reach agreement.

/s/ *Andrea Pallios Roberts*

Andrea Pallios Roberts