**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**Marshall Division**

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP and NETSTAR TECHNOLOGIES LLC,<br><br>    Plaintiffs,<br><br>        v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 2:13-cv-00893-JRG-RSP |

**NON-PARTY NORTEL NETWORKS INC.'S MOTION FOR A PROTECTIVE ORDER**
**REGARDING PRIVILEGED AND CONFIDENTIAL NORTEL DOCUMENTS**

Pursuant to Rules 26(c) and 45(d) of the Federal Rules of Civil Procedure, non-party Nortel Networks Inc. ("NNI") hereby moves for a protective order to prevent Rockstar Consortium US LP ("Rockstar") from accessing, reviewing, disclosing, or otherwise using highly confidential and/or privileged documents residing on computers that Rockstar acquired in connection with its purchase of patents and related assets from various Nortel entities in 2011, which documents Rockstar was contractually obligated to delete years ago.  Rockstar did not acquire the rights to many of the documents residing on these computers.  Nevertheless, Rockstar has informed NNI that it believes it has an obligation under the Discovery Order to search the contents of the computers for documents that might be relevant to the issues in this case.

Most of the computers at issue were used by lawyers or other professionals working in Nortel's IP Legal Department.  Permitting Rockstar to view the Nortel documents on these computers, let alone produce them to Google, risks waiving NNI's attorney-client privilege and work product interests, as well as those of other Nortel entities.  Likewise, permitting such documents to be accessed by Rockstar or produced to Google absent a court order risks a breach

of Nortel's contractual nondisclosure obligations to various third-parties.  NNI therefore seeks the protection of this Court to prevent these serious harms.

## I.     Background Facts

In June of 2011, in connection with a still-pending bankruptcy proceeding, Nortel corporate entities in the U.S., Canada and Europe jointly sold thousands of patents and related assets to Rockstar following an auction in which Google was an unsuccessful bidder.[1]   In connection with that transaction, Rockstar acquired certain computers formerly used by Nortel employees, but that acquisition was subject to an obligation to delete from the computers any documents or information that was not included among the assets acquired by Rockstar (*i.e.*, "non-transferred items").

In early August 2014, Rockstar notified NNI's outside counsel that it retained possession of certain computers acquired from Nortel and that, due to concerns over litigation-related document preservation obligations, it had not deleted "non-transferred" items.   The parties thereafter conferred about the appropriate method for handling such documents, but Rockstar informed NNI that it believed it was required to search the computers acquired from Nortel and produce non-privileged documents responsive to Google's discovery requests.

On August 29, 2014, Google identified eleven (11) former Nortel employees whose computers are now in Rockstar's possession, and for each one Google provided Rockstar with a list of broad search terms that it wants run against the email of those custodians.  The majority of these former Nortel employees were lawyers or other legal professionals, some of whom were involved in Nortel's efforts to develop and analyze strategies for enforcing or otherwise

---

[1] The present motion is without prejudice to NNI's right to seek appropriate relief from the United States Bankruptcy Court for the District of Delaware regarding third-party and other discovery requests relating to Nortel and/or its documents.

monetizing its patent portfolio, culminating in the sale to Rockstar.  Following receipt of Google's proposed email search terms, NNI and Rockstar continued to confer regarding the appropriate method of handling the review and production of potentially responsive documents on the computers but have thus far been unable to reach agreement.  Based on Rockstar's stated concerns over an impending document production deadline, NNI feels compelled to now seek relief from the Court.

Based on the positions of the former Nortel employees identified by Google, it is highly likely that information on their computers is subject to claims of attorney-client privilege and/or work product immunity.  Other information likely relates to patents and business assets that the Nortel companies sold to purchasers of their various business lines, to whom Nortel owes contractual duties of confidentiality and nondisclosure.  Still other information likely relates to intellectual property licenses that Nortel granted to third-party licensees, to whom Nortel owes confidentiality obligations.  It would appear that any tangential relevance that such documents might have to the issues in this case pales in comparison to the risks that Nortel faces from permitting Rockstar to review and produce the documents in response to Google's discovery requests.

## II. Rockstar's Proposed Treatment of Nortel Documents in Response to Google's Discovery Requests Presents an Unacceptable Risk of Harm to Nortel

### A. Nortel Has a Protectable Interest in this Matter

Under the Federal Rules of Civil Procedure, "[a]ny person from whom discovery is sought may move for a protective order in the court where the action is pending."  Fed. R. Civ. P. 26(c)(1).  Here, because information on the computers Rockstar proposes to search belongs to Nortel, not Rockstar, NNI should be considered a "person from whom discovery is sought."  In addition, Google has served a third-party subpoena on NNI in this case, seeking production of a

broad range of documents – set forth in one hundred and seventeen (117) separate requests – many of which overlap with the keyword searches Google has asked Rockstar to run against the computers acquired from Nortel.  Accordingly, Nortel has sufficient interest in this matter to justify seeking the protection of this Court.

Under Rule 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[,]" including by "forbidding the disclosure or discovery … [and] requiring that a trade secret or other confidential research, development, or commercial information not be revealed …." Fed. R. Civ. P. 26(c)(1).  This Court has broad discretion to grant such relief. *See Avance v. Kerr-McGee Chem. LLC*, No. 5:04-CV-209, 2005 WL 5315658, at *2 (E.D. Tex. July 1, 2005); *accord Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (upon a showing of good cause, "the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained").

It is well-settled that preventing the unauthorized disclosure of privileged information constitutes good cause for entry of a protective order. *See, e.g., United States Equal Emp't Opportunity Comm'n v. TIC-The Indus. Co.*, No. Civ. A. 01-1776, 2002 WL 31654977, at *3 (E.D. La. Nov. 21, 2002) ("[T]he burden of showing good cause for a protective order under Fed. R. Civ. P. 26(c) is satisfied [if the movant] is entitled to invoke the attorney-client privilege. That privilege, if applicable, provides good cause for a protective order without any other showing[.]"); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 141, 144 (E.D. Tex. 2003) (granting protective order preventing the disclosure of documents and communications protected by the attorney-client privilege).  Similarly, Rule 26(c) "grants the Court the power to enter a protective order to restrict access to a trade secret or other confidential

information." *Round Rock Research, LLC v. Dell Inc.*, No. 4:11–CV–332, 2012 WL 1848672, at *2 (E.D. Tex. Apr. 11, 2012).

### B.     Nortel's Privileged and Confidential Information Should Be Protected

In view of the privilege and confidentiality concerns discussed above, NNI seeks a protective order barring Rockstar from accessing, reviewing, disclosing or otherwise using any document on the computers at issue except those that are readily identifiable as relating to the patent assets that Rockstar acquired from Nortel (*i.e.*, only the documents that are properly in Rockstar's possession).  *See* Fed. R. Civ. P. 26(c)(1)(A).  Any other documents on those computers will either be unrelated to the issues in this case or duplicative of the documents that Google is seeking directly from NNI through its expansive third-party subpoena.

The bankruptcy laws provide an additional reason for shielding these Nortel documents from discovery in this matter.  The non-transferred items on the computers in question constitute "property of the estate" that is subject to the exclusive jurisdiction of the Bankruptcy Court in Delaware.  *See* 28 U.S.C. § 1334(e)(1) (establishing that the bankruptcy court has "exclusive jurisdiction of all of the property, wherever located, of [Nortel] as of the commencement of [the] case, and of property of the estate ...").  The Bankruptcy Code broadly defines "property of the estate" to include all legal or equitable interests of Nortel in property as of the commencement of the bankruptcy case, wherever it is located and by whomever it is held.  *See* 11 U.S.C. § 541(a).

If the Court determines that, notwithstanding the foregoing considerations, it is necessary to search the computers at issue for responsive, non-privileged documents to be produced to Google, then NNI requests that the Court order Rockstar and Google to consult in good faith

with NNI to agree upon a reasonable procedure and schedule for review and production that adequately protects Nortel's privilege and confidentiality interests.[2]

## III.  <u>Conclusion</u>

For the reasons set forth above, NNI respectfully requests that the Court enter a protective order prohibiting Rockstar from accessing any "non-transferred items" on the various computers it acquired from Nortel.  In the alternative, NNI requests that the Court order the parties to consult in good faith with NNI to establish a reasonable procedure and schedule for discovery as to the computers at issue such that Nortel's privilege and confidentiality interests are adequately protected.  A proposed order is filed herewith.

Respectfully submitted,

September 12, 2014

*/s/ Mark M. Supko*

Mark M. Supko
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
202.624.2500 (phone)
202.628.5116 (fax)
msupko@crowell.com

*Attorneys for Nortel Networks Inc.*

---

[2] Notwithstanding this suggestion, Nortel reserves the right to seek reimbursement from Rockstar for any attorneys' fees and expenses Nortel incurs in connection with this issue, including but not limited to fees and expenses incurred in connection with the present motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of September, 2014.

        */s/ Mark M. Supko*
        Mark M. Supko

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Nortel has complied with the meet and confer requirement of Local Rule CV-7(h) and Federal Rule of Civil Procedure 26(c)(1).  The personal conferences required by Local Rule CV-7(h) were conducted by the undersigned counsel on September 12, 2014 via telephone conferences with Amanda Bonn of Susman Godfrey L.L.P. for Rockstar and Netstar, and with David Perlson of Quinn Emanuel Urquhart & Sullivan, LLP for Google.  Rockstar and NetStar do not oppose the relief requested herein, but no agreement was reached between Nortel and Google because the parties disagree on the merits. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

        */s/ Mark M. Supko*
        Mark M. Supko