IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ROCKSTAR CONSORTIUM US LP  )
AND NETSTAR TECHNOLOGIES LLC,  )
                                       )
            Plaintiffs,  )
                                       )   Civil Action No. 13-cv-00893-JRG-RSP
    v.  )
                                       )   **JURY TRIAL DEMANDED**
GOOGLE INC.  )
                                       )
           Defendant.  )
                                       )
                                       )

**GOOGLE'S MOTION FOR HEARING ON ITS MOTION TO TRANSFER (DKT. 18), CROSS-MOTION TO STAY (DKT. 97), MOTION FOR THE COURT TO ENTER ITS MODEL ORDER (DKT. 105), MOTION TO STRIKE PLAINTIFFS' INFRINGEMENT CONTENTIONS (DKT. 122), AND MOTION TO COMPEL COMPLETE INTERROGATORY RESPONSES (DKT. 136)**

On September 16, 2014, the Court set the Nortel Motions for Protective Order (Dkt. 150, 152) for hearing on October 9, 2014.  (Dkt. 154-55.)  Defendant Google Inc. hereby respectfully moves pursuant to Local Rule CV-7(g) to additionally set the following motions for hearing on October 9:

- Google's Motion To Transfer Venue to the Northern District of California, filed January 10, 2014 (Dkt. 18)

- Google's Cross-Motion, in the Alternative, To Stay Pending Resolution of Its Transfer Motion, filed June 25, 2014 (Dkt. 97)

- Google's Motion for the Court To Enter Its [Model] Order Focusing Patent Claims and Prior Art To Reduce Costs, Limit the Number of Asserted Claims, and To Extend the Deadline for the Parties To Comply with P.R. 4-2, filed July 2, 2014 (Dkt. 105)

- Google's Motion To Strike Plaintiffs' Infringement Contentions, filed August 8, 2014 (Dkt. 122)

- Google's Motion To Compel Complete Interrogatory Responses, filed August 25, 2014 (Dkt. 136)[1]

---

[1]  In the event the Court is inclined to set a subset of these motions for hearing on October 9, Google requests that priority be given Google's motions which have been pending longest, which is the order listed above.

All these motions are either already ripe for decision, or will be, by October 9.   Expedient resolution of these motions will serve the interests of judicial economy and justice, including for the reasons set forth in Google's briefing on these motions and in particular given the already ongoing claim construction process and the rapidly approaching close of discovery on January 7, 2015.   Lead and local counsel for the parties will be present at the October 9 hearing, and will be available to answer any questions that the Court may have on these motions.

Plaintiffs have indicated they oppose Google's motion for hearing, but have provided no substantive grounds for opposing the relief sought, saying instead only that "it is up to the Court to add any topics to the hearing."[2]  (Ex. 1.)  Google appreciates and understands that it is within the Court's discretion whether to set additional motions for hearing on October 9, but Plaintiffs' opposition only threatens to further delay resolution of Google's motions.

Accordingly, Google requests that its motion be granted.

---

[2] Plaintiffs did indicate that if the Court sets Google's motions for hearing on October 9 that they would want their motions set on October 9 as well.  (Ex. 1.)  Google has no objection to the Court doing so.

DATED: September 22, 2014       QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ David Perlson

     J. Mark Mann
     State Bar No. 12926150
     G. Blake Thompson
     State Bar No. 24042033
     MANN | TINDEL | THOMPSON
     300 West Main Street
     Henderson, Texas 75652
     (903) 657-8540
     (903) 657-6003 (fax)

     QUINN EMANUEL URQUHART &
     SULLIVAN, LLP
     Charles K. Verhoeven
       charlesverhoeven@quinnemanuel.com
     David A. Perlson
       davidperlson@quinnemanuel.com
     50 California Street, 22nd Floor
     San Francisco, California  94111-4788
     Telephone: (415) 875 6600
     Facsimile: (415) 875 6700

     *Attorneys for Google Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have met and conferred in writing and telephonically pursuant to Local Rule CV-7(h).  In addition to meeting and conferring in writing, on September 22, 2014 counsel for Plaintiffs (Justin A. Nelson) and counsel for Defendant (David A. Perlson) met and conferred telephonically regarding the issues presented in this motion.  The parties were unable to reach agreement.

/s/ David A. Perlson

David A. Perlson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 22, 2014.

Sam Stake