**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ROCKSTAR CONSORTIUM US LP, ET AL. | § § | |
| v. | § § | Case No. 2:13cv-893-JRG-RSP |
| GOOGLE, INC. | § § | |

**ORDER**

For the reasons set forth in the October 9, 2014 and October 10, 2014 hearings, the Court ORDERS the following:

**(1)** Plaintiff's Motion to Strike Defendant Google Inc.'s Deficient Obviousness Disclosure Under Patent Rule 3-3(B) (**Dkt. No. 117**) is **DENIED**.

**(2)** Defendant's Motion to Strike Plaintiffs' Patent Rule 3-1 Infringement Contentions (**Dkt. No. 122**) is **DENIED**.

**(3)** Plaintiff's Motion to Compel (**Dkt. 126**) is **GRANTED-IN-PART** as follows:

- Regarding the search and production of relevant ESI documents of the five executives set forth in the motion (Dkt. No. 126 at 5), the parties are ORDERED to (i) notify the Court of the parties' agreed upon search terms or (ii) provide supplemental briefing with the parties' respective search term positions by 5:00 p.m. Central Standard Time on Wednesday, October 15, 2014.

- Regarding post-litigation document production, Defendant Google is ORDERED to produce non-public patent applications filed by Defendant Google since the filing of the instant dispute.

- As to Plaintiff Rockstar's request for documents regarding infringement, damages, and validity of non-accused products as set forth in the briefing, the request is

> **GRANTED** to the extent Defendant Google is ORDERED to produce relevant documents relating to how Defendant's non-accused instrumentalities make use of data generated by the accused products.

- Regarding the production relating to previous litigation, Defendant Google is ORDERED to produce the following categories of documents for each of the three previous litigations (1) *I/P Engine, Inc.* (2) *Function Media, LLC*; and (3) *Overture/Yahoo!*:[1]
    - All documents produced to the opposing parties by Google;
    - All sworn testimony of Google witnesses;
    - A *list* of all trial exhibits; and
    - All expert reports.
- Defendant Google shall reserve the opportunity to raise cost shifting concerns relating to the production of documents from *Overture/Yahoo!* Litigation due to the age of the storage systems.
- Plaintiff Rockstar's request for the production of Google's intra-corporate licenses (Technology Transfer Agreements) is **DENIED**.

(4) Defendant Google's Motion Compel Complete Responses to Interrogatory Nos. 1, 7, 10, 11 and 13 (**Dkt. 136**) is **GRANTED-IN-PART** as follows:

- Regarding Interrogatory 1, Plaintiff Rockstar agreed to supplement Interrogatory 1 to include "on or about" language regarding its conception date. Rockstar is ORDERED to further supplement its response to Interrogatory 1 to include details regarding the

---

[1] *See* Ex. 1 at 16–17, Dkt. No. 126-3 (document requests 93(a), (b), and (g)).

development of the patented process, to name all persons involved, and to describe acts of diligence.

- Regarding Interrogatories 7, 10, and 11, Defendant Google's request for supplemental responses is **DENIED**.

- Regarding Interrogatory 13, Plaintiff Rockstar shall supplement its infringement contentions and its response to Interrogatory 13 (including relevant documents evidencing Plaintiff Rockstar's infringement positions) no later than November 20, 2014.

**(5)** Nortel Networks Inc.'s Motion for Protective Order Regarding Privileged and Confidential Nortel Documents (**Dkt. No. 150**) and Nortel Networks Corporation and Nortel Networks Limited Motion for Protective Order (**Dkt. No. 152**) are **GRANTED-IN-PART** as follows:

- Plaintiff Rockstar is ORDERED to use its best efforts to cooperate with Nortel Networks Inc., Nortel Networks Corporation, and Nortel Networks Limited (collectively, "Nortel") to devise search terms for the production of transferred data (which shall be understood to be data relevant to the assigned patents). Plaintiff Rockstar is further ORDERED to deliver to Defendant Google no later than Monday, October 27, 2014 all non-privileged, transferred data along with an appropriate privilege log identifying all documents and data withheld from production.

- Plaintiff Rockstar is further ORDERED to preserve the computers and all data stored therein—including all Nortel transferred and non-transferred data—through the conclusion of the pending litigation.

- 4 -

- Plaintiff Rockstar and Third Parties Nortel are ORDERED to file supplemental briefing no later than Monday, October 20, 2014 regarding the issue of privilege waiver of transferred data. Defendant Google shall file its response no later than seven (7) days from the filing of the supplemental briefs. The length of the brief and response shall not exceed ten (10) pages each. The Court holds that the review of Nortel's data by Plaintiffs does not constitute a waiver of any privileges attached to the data.

**SIGNED this 15th day of October, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE