**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC,** | |
| **Plaintiffs,** | **Case No. 2:13-cv-00893-JRG-RSP** |
| **v.** | |
| **GOOGLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**<u>PLAINTIFFS' RESPONSE
TO DEFENDANT GOOGLE'S OBJECTIONS (Dkt. 188)
TO THE MAGISTRATE'S MEMORANDUM OPINION AND ORDER (Dkt. 165)
DENYING GOOGLE'S MOTION TO TRANSFER</u>**

## I.      Google Continues to Misrepresent the Facts and Law

Google attempts to excuse its misrepresentations to Judge Payne by asserting that "the Order failed to address Google's repeated argument that under governing Federal Circuit law the location of sources of evidence in places removed from both forums is not relevant." Dkt. 188 at 1. This argument is wrong factually and legally. Factually, Google repeatedly argued that witnesses <u>outside</u> both forums were relevant.  The first heading in Google's Motion to Transfer addressed witnesses in "**<u>OR NEAR</u>**" the NDCA, and the entirety of "**<u>TEXAS</u>**." Dkt. 18, at 2 (emphasis in original). Google's Motion discussed witnesses from coast-to-coast and beyond the United States, and argued that its documents were "maintained **<u>or accessible</u>** in **<u>or near</u>** the [NDCA]." *Id.* at 10-14 (emphasis added). And Google expressly invoked the "100 mile rule" on grounds that witnesses lived in "or closer to" the NDCA. *Id.* at 13.

On the law, the reason why Google argued about witnesses not just in EDTX or NDCA is that witnesses outside those districts still matter, especially where they are near the relevant venues—a point elsewhere Google itself seems to acknowledge. Dkt. 188 at 2 (citing to witnesses in Washington and Southern California that are "near" the NDCA). While Google now cites *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014), it did not argue below that only witnesses and documents in the two districts matter. It did not cite *In re Toyota* even though the case was decided while the parties were still briefing transfer-related issues and Google filed other notices of supplemental authority. It has now waived that argument. *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

More fundamentally, a court can consider the location of witnesses and documents both near the venues and in other States.  *In re Toyota* does not and cannot hold that only witnesses and documents in the two venues matter. The Fifth Circuit considers outside-of-district witnesses. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir.2008) (*en banc*) (including the convenience of a Kansas party witness in the convenience balance between NDTX and EDTX). And the Federal Circuit routinely has considered the locations of other witnesses and documents even in different states and countries as long as some tie to the EDTX exists.  *E.g., In re TS Tech USA Corp.* 551

F.3d 1315, 1320 (Fed. Cir.  2009) (convenience of Michigan and Canadian witnesses in a case seeking transfer from EDTX to Ohio); *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (considering "average travel" for Ohio and New York witnesses in a case requesting transfer from EDTX to Seattle); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (proximity of Michigan witnesses in a case seeking transfer from EDTX to Indiana). Only in limited circumstances where *no witnesses or documents whatsoever* exist in the forum should the court disregard a district court's central location. *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009).

But even where one witness is in the EDTX, the Federal Circuit has permitted consideration of a court's central location. *In re VTech Communications*, 2010 WL 46332, at *2 (Fed. Cir.  Jan.6, 2010); *see also In re Nintendo Co.*, 589 F.3d at 1199 (restating *In re Genentech's* holding as "it is improper to consider the centralized location of the Eastern District of Texas *when no identified witness resides in the district.*") (emphasis added). Likewise, the Federal Circuit has denied mandamus where the district court considered "documents and witnesses in or in close proximity to" the district of suit. *In re Emerson Elec. Corp.*, 559 Fed. Appx. 1007, 1008 (Fed. Cir. 2014). *In re Toyota*, by contrast, involved a complete lack of documents or witnesses in the district, as did the cases on which it relied—*Genentech* and *Nintendo*. Finally, new Federal Rule 45 allows "absolute subpoena power" in this Court for any witness in the entire Dallas area. *Invensense, Inc. v. STMicroelectronics, Inc.*, 2014 WL 105627 at *2, *6 n.1 (E.D. Tex. Jan. 10, 2014) (considering evidence within a mile from the EDTX border).

In short, Google cannot explain away its misrepresentations to Judge Payne or find error in the decision below by arguing that it only omitted facts because it did not think the information was relevant. As this Court has stated, it "routinely observes movants utilizing carefully worded statements to avoid disclosing key facts that disfavor their positions, especially in the context of a Motion to Transfer." *My Health Inc. v. Click4Care, Inc.*, No. 2:13-cv-137, Dkt. 32, at *4 (E.D. Tex. Mar. 20, 2014). The Federal Circuit likewise has disapproved of a movant "withhold[ing] information" relevant to transfer.  *In re HTC Corp.*, 494 F. App'x 81, 83 (Fed. Cir. 2012). Google's failure to disclose relevant facts cuts strongly against transfer.

## II.       Private Interest Factors

**Relative Ease of Access to Sources of Proof**: Incredibly, Google maintains that this factor cuts in its favor even though it still does not provide any more detail regarding the sources of its own proof or attempt to rebut Judge Payne's detailed factual findings.  Instead, Google argues that its documents are "more accessible" from the NDCA (Dkt. 188 at 4) and cites only to the same declaration that Judge Payne correctly held was "an incomplete and misleading factual record." Order, Dkt. 165, at 7. Google argues that it was "not seeking to hide anything" and focused only on the NDCA and EDTX.   But Judge Payne's ruling specifically addressed Google's failure to identify proof <u>within</u> the NDCA and failure to specify what resided <u>within</u> or near the EDTX.

Google refuses to detail, for example, what was stored or accessible from its EDTX office at the time Rockstar filed suit in October 2013. It argues that its EDTX office has been vacant since <u>November</u> 2013. But Google cannot evade venue by moving out all of its relevant documents immediately after Rockstar filed suit. Venue is measured at the time of suit and the court frowns upon post-suit manipulation.  *MobileMedia Ideas LLC v. HTC Corp.*, 2012 WL 15070136 at *3 (E.D. Tex. May 3, 2012). While Google attempts to dismiss its Dallas office by saying it is not in the EDTX, for the first time Google provides an address for that office—one that is approximately two miles from the EDTX border. Google does not dispute that according to public documents, it appears that servers <u>for the accused instrumentalities</u> are managed from that office. Dkt. 33 at 7 & Exh. 8 to Motion. Notably, Google still has refused to answer interrogatories in this case regarding the location of its documents, facilities, and servers. Exh. 1. As Judge Payne correctly held, "The Court is significantly concerned that Google is not being fully candid with the Court regarding the location of its relevant documents and facilities." Order at 6. Google's failure to specify its location of documents and witnesses in light of the evidence suggesting Google's strong presence in the EDTX creates a strong inference that much of Google's sources of proof are located here.

Google also argues that Judge Payne ignored evidence from third parties in the NDCA, "such as Apple and prior art witnesses." Dkt. 188 at 5. But Judge Payne correctly found that the location of third party witnesses includes many in or near the EDTX. Order at 9-10. And Judge

Payne correctly found that Google was not presenting a complete picture of non-party witnesses. *Id.* at 8-9. Indeed, since the Motion, <u>Google</u> has served 6 subpoenas to non-party witnesses in Texas, including Ericsson, a Rockstar investor whose North American headquarters are within the EDTX (6300 Legacy Drive, Plano, TX, *see* Exhs. 2-3), at least one other EDTX witness, and the prosecuting attorney for the patents-in-suit who is a central figure in Google's inequitable conduct allegations. Exhs. 4-9. Judge Payne correctly found that this factor weighs against transfer.

**Cost of Attendance for Willing Witnesses**: Judge Payne also correctly found that this factor weighs against transfer and that Google cherry-picked its prior art witnesses to make it seem that all reside in the NDCA. Google's only excuse for why it only discussed certain witnesses is that its witnesses were "specifically noted during prosecution of the patents-in-suit." Dkt. 188 at 2. But Google did not provide a comprehensive list of the prior art cited during prosecution.  Such a list reveals that the witnesses are scattered throughout the United States, including in the Dallas area. Dkt. 33 at 8-9 & Ex. 13. And Google opposed Rockstar's attempt to present the Court with a complete record of the prior art on which Google relies in its invalidity contentions. That information also shows that the witnesses are not concentrated in the NDCA.  Dkt. 92. Even though Google had not filed its invalidity contentions at the time of the transfer motion, it has known about the patents for years before suit, filed its contentions soon after briefing was completed, and opposed Rockstar's attempt to supplement the record.

Judge Payne correctly found that Google's actions were "troubling" because not only was Google's information "incomplete," it was "incorrect and misleading" "at least in part." Order at 15-16. And while Google's objection still relies on Apple as a non-party witness in the NDCA and Microsoft in the Western District of Washington because they are Rockstar shareholders, it ignores that both Ericsson and Blackberry also are Rockstar investors. Their offices are in (Ericsson) and near (Blackberry) the EDTX, and they have relevant documents and witnesses. Powers Dec., Dkt.33-1, at ¶ 10. Rockstar's prosecution counsel discussed above is in Austin, Texas, and the Nortel employee who negotiated with Google in 2012 works a few miles from the EDTX border. Exhs. 4 (Krishnan) & 5 (Garlick).

As Google concedes, non-party witnesses generally are given greater weight than party witnesses. Dkt. 188 at 2; *see also Geotag, Inc. v. OnTargetJobs, Inc.*, No. 2:13-cv-64, Dkt. 28, at *4 (E.D. Tex. Mar. 7, 2014). With respect to Google's witnesses, it relies on the same disputed and misrepresented evidence as it does for documents. Indeed, Google relies on the fact that it closed its Frisco, Texas office <u>after</u> Rockstar filed suit. Dkt. 188 at 3, 4. And it does not discuss its Dallas or New York or India offices at all, where relevant witnesses likely exist. Dkt. 33 at 7-8; Dkt. 41 at 7. Google's silence is intentional, especially as this Court has denied transfer because the movant had relevant employees in both California and India. *My Health Inc.*, No. 2:13-cv-137, at *4.

Google also urges the Court to disregard Rockstar's presence in the EDTX and argues that the Federal Circuit's recent decision granting the writ in another Rockstar case due to the "first-to-file" doctrine weighs in its favor.  Both these arguments are unavailing. As Google concedes, the Federal Circuit's decision revolved around principles of comity and the first-filed doctrine. *In re Google*, No. 2014-147, at 5-6. The Federal Circuit then examined whether an exception to the comity doctrine would apply in light of the "comparative convenience" of the venues—an analysis on its face that is substantially different from the "clearly more convenient" transfer inquiry here. *Id.* at 7.  Moreover, the Android-specific factors the Federal Circuit cited do not apply in this case. Just the opposite.  As discussed above, Google has refused to disclose where it develops and maintains its products and documents, and the evidence suggests much of it in or near the EDTX.

The Federal Circuit's discussion of Rockstar's Plano office also does not apply in the context of this case due to the extensive previous interactions between Rockstar's employees and Google <u>on these very patents</u>.  In contrast to the other case, Rockstar's employees discussed the patents-in-suit with Google.  Therefore, their knowledge of the case is not as in-house counsel but as fact witnesses. *See, e.g.,* Dkt. 33-2 (Hearn Dec.). The cases cited by the Federal Circuit on this point revolve around <u>litigation counsel,</u> and do not implicate situations where an attorney is a fact witness. *See, e.g., In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (discussing location of outside counsel who were representing the parties in the litigation); *Keir v. Life Office Mgmt. Ass'n, Inc.*, 1993 WL 283902 at *2 (E.D. Pa. Jul. 27, 1993) (under Third Circuit law, court rejected

argument that in-house counsel alleged inconvenience based on traveling to the transferee venue for the litigation). That situation is far different from the facts in this case, where the relevance of employees has nothing to do with litigation management.  Rather, the relevant employees are fact witnesses who were involved in prior discussions with Google about the patents-in-suit and also have knowledge about the patent sale to Rockstar in which Google also bid. Indeed, Google itself has issued subpoenas to former employees on this subject, and has issued a 30(b)(6) deposition notice to Rockstar on similar topics. Exh. 10, Topics 21-22, 25-27, 29, 31-32, 34-39, 44-45, 48, 55-61. Finally, while the petition asked to transfer the cases, notably the Federal Circuit only stayed them and in fact did not transfer the cases. As Judge Payne correctly found, Rockstar and its predecessor entity's connections to the EDTX are extensive and long-standing.  Order at 9-10.

**Availability of Compulsory Process**: Judge Payne also correctly found that the availability of compulsory process weighs against transfer. Google has not identified a single witness who would be unwilling to testify, and non-party witnesses currently willing to testify may require compulsory process to testify at trial. Contrary to Google's speculation on who may testify or have relevant information, the third-party witnesses within this Court's subpoena power that Rockstar cites are witnesses that Google itself already has subpoenaed.  These include (1) Bruce Garlick, the prosecuting attorney whom Google cites 30 times in its Answer and whom Google concedes is subject to this Court's subpoena power, Dkt 18 at 12, Dkt. 33 at 13; (2) Raj Krishnan, the former Nortel employee who negotiated with Google on the patents-in-suit; (3) at least two other former Nortel employees whom Google has subpoenaed, at least one of whom (Richard Weiss) lives in the Eastern District of Texas; and (4) the Rockstar shareholders Ericsson and Blackberry, at least one of whom (Ericsson) Google already has subpoenaed and is based in the EDTX, and the other (Blackberry) is nearby in Irving, Texas. Powers Dec., Dkt. 33-1, ¶ 10.

## III.    Public Interest Factors

**Local Interests**:  Google repeats its same arguments for local interest as it does for the private factors. Google points to the prior art witnesses and Apple, who is one of Rockstar's shareholders. But Google ignores the significant and long-standing ties to the Eastern District of

Texas.  As the Declaration of Don Powers notes, when the first patent in the family issued, Nortel employed a little fewer than 10,000 employees at its United States headquarters in Richardson, Texas—less than a mile from the EDTX border.  Many of these employees—including Mr. Powers himself—lived (and still live) in the EDTX. Dkt. 33-1 ¶¶ 4, 6-7. It is thus no surprise that Google has subpoenaed former Nortel employees who live or work in or near the EDTX. And while Google points to Apple as a Rockstar shareholder, it ignores Ericsson and Blackberry, who are in and near the EDTX, respectively. While Google also argues that no tie exists between the Nortel office and this case, Google itself has subpoenaed these former employees who worked at the Richardson office. Finally, Google relies on the discredited declaration of Abeer Dubey to argue that no portion of the relevant activities occur in the EDTX despite the fact that Google (a) admits that it operated its EDTX office after suit was filed and never disputes that it could access all relevant documents from that office; (b) does not address its Dallas office, which is approximately 2 miles from the EDTX border; and (c) never provides the level of requisite detail to support its assertion regarding the location of its relevant activities, and in fact public documents suggest that these activities are not "predominantly based" in the NDCA. In short, Google still does not try to supplement or fix the serious errors and misrepresentations in its Motion on this very point.

**Court Congestion**: Google does not dispute in its objections that time to trial in the EDTX is shorter. In fact, it is substantially shorter, as Google admitted it its Motion.  Dkt. 18 at 15. This fact alone establishes that this factor cuts strongly against transfer.

## IV.    Conclusion

Google has tried to manipulate the venue analysis by not disclosing all relevant facts initially and by still not disclosing all the facts even after Judge Payne's decision. A true picture establishes that transfer is not appropriate, and in fact that the EDTX is most convenient.  At a minimum, Google cannot establish that the NDCA is clearly more convenient—especially in light of its failure of proof. For all these reasons, along with those in the prior briefing and exhibits thereto (Dkts. 33, 41, 63,  92-2) and Rockstar's Response to Google's Writ of Mandamus to the Federal Circuit (Dkt. 15 in Case No. 14-152), this Court should affirm Judge Payne's Order.

DATED:  October 23, 2014       Respectfully submitted,


By:  */s/ Justin A. Nelson*
      Max L. Tribble, Jr. – Lead Counsel
      State Bar No. 20213950
      Alexander L. Kaplan, State Bar No. 24046185
      John P. Lahad, State Bar No. 24068095
      Shawn Blackburn, State Bar No. 24089989
      **SUSMAN GODFREY L.L.P.**
      1000 Louisiana Street, Suite 5100
      Houston, Texas 77002
      Telephone:  (713) 651-9366
      Facsimile:  (713) 654-6666
      mtribble@susmangodfrey.com
      akaplan@susmangodfrey.com
      jlahad@susmangodfrey.com
      sblackburn@susmangodfrey.com

      Justin A. Nelson, State Bar No. 24034766
      Parker C. Folse, III, WA State Bar No. 24895
      **SUSMAN GODFREY L.L.P.**
      1201 Third Ave, Suite 3800
      Seattle, Washington 98101
      Telephone: (206) 516-3880
      Facsimile:  (206) 516-3883
      jnelson@susmangodfrey.com
      pfolse@susmangodfrey.com

      Amanda K. Bonn, CA State Bar No. 270891
      Meng Xi, CA State Bar No. 280099
      **SUSMAN GODFREY L.L.P.**
      1901 Avenue of the Stars, Suite 950
      Los Angeles, CA 90067-6029
      Telephone: (310) 789-3100
      Facsimile: (310) 789-3150
      abonn@susmangodfrey.com
      mxi@susmangodfrey.com

T. John Ward, Jr., State Bar No. 00794818
Claire Abernathy Henry, State Bar No. 24053063
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, TX  75606-1231
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
D. Jeffrey Rambin, State Bar No. 00791478
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX  75647
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

*Attorneys for Rockstar Consortium US LP and NetStar Technologies LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 23rd day of October, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

 */s/* Justin A. Nelson
Justin Nelson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Exhibit 1 should be filed under seal because it contains material covered by the Protective Order entered in this case on June 19, 2014 (Dkt. No. 90).

 */s/* Justin A. Nelson
Justin A. Nelon