IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Civil Action No. 13-cv-00893-JRG-RSP |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GOOGLE INC. | ) ) | |
| Defendant. | ) ) ) | |

**JOINT STATEMENT CONCERNING UPDATE ON NARROWING OF ISSUES AND PROPOSAL FOR CLAIM CONSTRUCTION HEARING PROCEDURE**

Pursuant to the Court's October 21, 2014 Order (Dkt. 213), Plaintiffs Rockstar Consortium US LP and NetStar Technologies LLC ("Rockstar") and Defendant Google Inc. ("Google") hereby submit the following joint notice to the court detailing the parties' agreements regarding the claim construction disputes and proposals for the October 28, 2014 Claim Construction hearing.

**I.     TERMS NO LONGER IN CONTENTION**

On Thursday, October 23 2014, Rockstar informed Google that it would no longer assert claims 7, 12, and 20 of U.S. Patent No. 7,895,183 ("the '183 patent"). Accordingly, the Court need not determine the antecedent basis of "the search term" as recited in claims 7 and 20 of the '183 patent or "the communications interface" as recited in claim 12 of the '183 patent. (Dkt. 158 at 29; Dkt. 183 at 30.)

**II.     TERMS ON WHICH THE PARTIES HAVE COME TO AN AGREEMENT**

The Parties agree to the constructions of the following terms:

| Term | Claims | Agreed Construction |
|------|--------|---------------------|
| "search results" | All Claims | "the set of results the user receives from a search engine after submitting a search argument" |
| "user" | '969 – All<br>'178 – All<br>'183 – All<br>'883 – All<br>'245 – All<br>'970: 1, 10, 17, 26, 33, 45 | "a person using or operating a data processing device"[1] |
| "the user" | '969 – All<br>'178 – All<br>'183 – All<br>'883 – All<br>'245 – All<br>'970: 1, 10, 17, 26, 33, 45 | "the user" refers back to "a user" in the preamble[2] |

## III.   ORDERING OF THE TERMS FOR ORAL ARGUMENT

The Parties propose that the Court hear oral argument on the following terms, in the order listed below.  The parties are also at the Court's pleasure should the Court wish to hear argument on a term not listed in Part III or in a different order:

| Group 1 | 1.   Associative search engine<br>2.   Correlating … the particular advertisement (including construction of "correlating" and "particular advertisement")<br>3.   Advertisement database |
|---------|----------------------------------------------------|
| Group 2 | 4.   Database Search Engine |
| Group 3 | 5.   Generate a fee record<br>6.   Extract a toll |
| Group 4 | 7.   User profile<br>8.   User preference terms |

[1] The parties agree their dispute regarding "user" can be resolved with the dispute regarding "data processing device."

[2] To further narrow the issues, Rockstar has agreed to change its proposed construction for "preference data for the user" to "data regarding the user's preferences." Rockstar maintains its constructions for the other user preference terms.

| | |
|---|---|
| | 9.   Prior searching history |
| Group 5 | 10.   Subsequent advertisement selection operations.<br>11.   Selecting at least one different advertisement based upon the non-selection of the at least one advertisement |
| Group 6 | 12.    Antecedent basis for claim 22 of the '969 Patent |
| Group 7 | 13.    Determining whether the ad[] was successful (Google intends to argue this term with the prior term (#12)) |
| Group 8 | 14.    Search refinement input<br>15.    Refin[ing] the search results / Refined search results<br>16.    Modified search results |
| Group 9 | 17.    Advertising Machine |

## IV.   TERMS WHICH THE PARTIES PROPOSE BE SUBMITTED ON THE BRIEFING

The parties propose that the following claim construction disputes be submitted on the briefing for the Court's consideration, and accordingly do not require oral argument:

| Term | Claims |
|---|---|
| "communications interface" | '245 – 9<br>'970 – 1, 10, 33, 41, 42<br>'183 – 12, 14<br>'883 – 20, 23 |
| "communications link" | '245 – 1, 5, 8, 9, 17<br>'970 – 1, 10, 11, 14, 17, 23, 26, 27, 30, 33, 34<br>'178 – 1, 12, 17, 18<br>'183 – 1, 5, 9, 11, 14, 18<br>'883 – 1, 20 |
| "data processing device [of a user]" | '969 – 6, 13<br>'245 – 1, 5, 8, 9, 17<br>'970 – 1, 3, 10, 11, 14, 17, 19, 23, 26, 27, 30, 33, 34, 36, 41, 42, 44<br>'178 – 1, 8, 12<br>'183 – 1, 5, 8, 9<br>'883 – 1, 4, 8, 20, 23 |
| "direct[ing] the data processing device to a website corresponding to the selection of the advertisement" | '970 – 3, 19, 36, 44 |
| "display[ing] in the [first/second] display portion of a display of the data processing device" | '183 – 1, 9, 14 |

| | |
|---|---|
| "distinct differing database" | '883 – 10, 28 |
| "search argument" | All Claims |
| "web page data format" | '183 – 1, 14 |
| all ordering disputes | '970 – 17, 26, 41 |
| | '178 – 1, 12 |
| | '183 – 1 |

## V.   ROCKSTAR'S PROPOSAL FOR THE REMAINING CLAIM TERMS

Rockstar believes that the remaining terms that Google wishes to defer in Section VI should be submitted on the briefs and decided now.  Google has proposed interpreting numerous claim terms (many of which, in Rockstar's view require no interpretation or the meaning of which should have been agreed).  Google should not have two bites at the claim construction apple because it proposed a large number of terms to begin with.  Google's argument that the number of terms it proposed is a function of the number of claims also does not hold because Rockstar's list of terms was drawn from those claims.  In the parties' P.R. 4-1 Disclosures, Rockstar proposed only 10 terms for construction; Google proposed over 100.  Indeed, numerous terms have dropped out over the briefing process because Rockstar told Google it would not pursue certain claims.  The parties have agreed on the terms for argument and the order of those terms.  Any remaining terms should either be submitted on the briefs or should be withdrawn, with prejudice, by Google.

## VI.   GOOGLE'S PROPOSAL FOR THE REMAINING CLAIM TERMS

There are certain terms where it is not entirely clear whether a bona fide or relevant dispute exists between the parties—at least, based on Rockstar's current infringement contentions.  Additionally, Rockstar will need to reduce its number of asserted claims to no more than 50 claims by November 6, 2014 (Dkt. 201), which may likely eliminate some of these disputes.   Google is not seeking two bites at the apple as Rockstar suggests.  As Google has previously explained, the number of asserted terms is a product of the number of asserted claims,

and the lack of clarity as to the issues in dispute is a product of the nature of Rockstar's current infringment contentions.   Google is simply seeking  a reasonable solution given the realities of the case.   And if, as Rockstar states, it only believed 10 terms needed construction, it should not have an issue with Google's proposal.

Accordingly, and in taking into consideration the Court's request that the parties' reduce the issues for the October 28, 2014 claim construction hearing, Google is willing to withdraw the terms below if it is without prejudice to its ability raise them, if needed, at a later time in the case:

| Term | Claims |
|---|---|
| "client" | '969 – 8, 14, 17, 22 |
| "database" | '969 – 1, 8, 14, 17, 22<br>'245 – 1, 9, 17<br>'970 – 1, 5, 8, 10, 13, 15, 17, 21, 24, 26, 29, 31, 33, 39, 41<br>'178 – 1<br>'183 – 1<br>'883 – 1, 3, 10, 20, 22, 28 |
| "data network related information" | '969 – 1, 8, 17, 22<br>'883 – 1, 10, 20, 28 |
| "included in a web page" | '970 – 7, 14, 23, 30, 38, 46<br>'178 – 11, 19<br>'183 – 5, 11, 18 |
| "receiving a response from the data processing device via the communications link that indicates non-selection of the at least one advertisement" | '970 – 10, 26 |
| "server [computer]" | '969 – 8, 17, 22<br>'970 – 33, 34-39, 41, 42-45, 47 |
| "sorting the search results" | '883 – 9 |
| "update[eling] the advertisement database based upon the [non-] selection of the advertisement" | '970 – 5, 13, 21, 29 |
| "updating advertisements provided to the data processing device based upon a determination | '178 – 8 |

| | |
|---|---|
| that the user does not select the at least one advertisement" | |

DATED: October 27, 2014


  */s/ Justin A Nelson (with permission)*

Max L. Tribble, Jr. – Lead Counsel
State Bar No. 20213950
Alexander L. Kaplan, State Bar No. 24046185
John P. Lahad, State Bar No. 24068095
Shawn Blackburn, State Bar No. 24089989
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
mtribble@susmangodfrey.com
akaplan@susmangodfrey.com
jlahad@susmangodfrey.com
sblackburn@susmangodfrey.com

Justin A. Nelson, State Bar No. 24034766
Parker C. Folse, III, WA State Bar No. 24895
**SUSMAN GODFREY L.L.P.**
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
jnelson@susmangodfrey.com
pfolse@susmangodfrey.com

Amanda K. Bonn, CA State Bar No. 270891
Meng Xi, CA State Bar No. 280099
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
abonn@susmangodfrey.com
mxi@susmangodfrey.com

T. John Ward, Jr., State Bar No. 00794818
Claire Abernathy Henry, State Bar No.
24053063
**WARD & SMITH LAW FIRM**
P.O. Box 1231


  */s/ David A. Perlson*

J. Mark Mann
State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven
  charlesverhoeven@quinnemanuel.com
David A. Perlson
  davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone: (415) 875 6600
Facsimile: (415) 875 6700

*Attorneys for Google Inc.*

Longview, TX  75606-1231
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
D. Jeffrey Rambin, State Bar No. 00791478
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX  75647
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

*Attorneys for Rockstar Consortium US LP and
Netstar Technologies LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 27, 2014.

_/s/ Antonio Sistos_