**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC,** | |
| **Plaintiff,** | **Civil Action No. 2:13-cv-893** |
| **v.** | |
| **GOOGLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

<u>**DECLARATION OF DONALD POWERS IN SUPPORT OF PLAINTIFFS' RESPONSE
TO GOOGLE'S EXPEDITED MOTION TO COMPEL**</u>

I, Donald Powers, declare as follows:

1.      I have been a member in good standing of the State Bar of Texas since 1986 and am Litigation Counsel for Plaintiff Rockstar Consortium US LP ("Rockstar Consortium"), one of the Plaintiffs in this action.  I submit this declaration in support of Plaintiffs' Response to Google's Expedited Motion to Compel, which is filed herewith.

2.      Based on my employment with Nortel and Rockstar Consortium, I have relevant knowledge regarding the instant suit, including knowledge of Nortel's corporate organization and structure, Rockstar Consortium's corporate organization and structure, documents investigated for purposes of this suit and locations of relevant documents and witnesses, and parties with first-hand knowledge about the patents-in-suit and activities related to those patents. I make this declaration based upon my own personal knowledge unless otherwise indicated herein, and if called as a witness, I could and would competently testify thereto.

3.      Prior to my employment with Rockstar Consortium, I worked for Nortel for over 13 years as Senior Counsel in the Richardson, Texas office. I began my employment with Nortel on February 2, 1998 and left the company in April 2011.  I joined Rockstar Consortium as Litigation Counsel in January 2012.

4.      Rockstar Consortium and NetStar Technologies ("NetStar") are the successors-in-interest to the patents-in-suit, which were originally held by Nortel.

5.      Rockstar maintains certain documents in a central repository called Sharepoint.

6.      Certain folders within the Sharepoint repository are designated for internal-only claim charts and related power point presentations. The documents in such folders comprise claim charts and power point presentations related to such claim charts drafted by Rockstar or former Nortel employees or consultants, acting at the direction of counsel, for the purpose of aiding counsel in providing legal advice regarding potential infringement of the patents-in-suit in anticipation of potential litigation. Such claim charts are internal-only, meaning they have not been shared with or distributed to any third parties other than Rockstar or Nortel's counsel or employees, consultants or representatives acting at the direction of counsel for the purpose of aiding counsel in providing legal advice regarding potential infringement and in anticipation of litigation.

7.      Certain other folders within the Sharepoint repository are designated for evidence of potential infringement collected or created by Rockstar or former Nortel employees or consultants, acting at the direction of counsel, for the purpose of aiding counsel in providing legal advice regarding potential infringement of the patents-in-suit in anticipation of potential litigation. The collection and organization of such documents—which reveals the mental impressions of Rockstar and Nortel's counsel in anticipation of litigation regarding potential

2

infringement of the patents-in-suit—have not been shared with or distributed to any third parties other than Rockstar or Nortel's counsel or employees, consultants or representatives acting at the direction of counsel for the purpose of aiding counsel in providing legal advice regarding potential infringement and in anticipation of litigation.

8.      Certain other folders are designated for market analyses and related information. The documents in these folders comprise damages and valuation analyses and documents collected related to such analyses. Such documents were created or collected by lawyers or other Rockstar employees acting at the direction of Rockstar lawyers for the purposes of aiding Rockstar's lawyers in providing legal advice regarding damages for potential infringement of various patents in anticipation of potential litigation. As with the folders discussed in paragraph 6 above, such documents are internal-only, meaning they have not been shared with or distributed to any third parties other than Rockstar or Nortel's counsel or employees, consultants or representatives acting at the direction of counsel for the purpose of aiding counsel in providing legal advice regarding potential infringement and in anticipation of litigation.

9.      Logging each of the documents included in the above-referenced folders individually would be unduly burdensome. Moreover, logging such documents individually would itself reveal information regarding counsel's privileged process of selecting and evaluating evidence of potential infringement in anticipation of litigation.

10.     In addition to these central repositories, certain Rockstar custodians maintain in their possession voluminous documents that have been collected or created at the direction of Nortel and Rockstar counsel as evidence of potential infringement to aid counsel in providing legal advice regarding potential infringement of the patents-in-suit and in anticipation of potential litigation. Such documents are dated between 2009 and the date cut-off for ESI

production in this case, October 31, 2013. Such documents reflect attorney work-product, as their selection would reveal Nortel and Rockstar's counsel's mental impressions and legal opinions as to what evidence might be useful in proving up an infringement case against potential litigation targets. In particular, the Nortel and Rockstar employees I am aware of who collected such documents at the direction of counsel included Ron Steeves, Dan Lingman, and David Smith. In doing so, they acted first at the direction of the Nortel IP Law Group generally (and Mr. Krishnan, a lawyer for Nortel and later Rockstar, in particular) and later at the direction of the Rockstar legal department (including lawyers responsible for overseeing this litigation). Logging each document that such employees collected as evidence of potential infringement between 2009 and 2013 would not only be unduly burdensome, but would itself reveal information regarding counsel's privileged process of selecting and evaluating evidence of potential infringement in anticipation of litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 5ᵀᴴ day of November, 2014, at Richardson, Texas.

Donald Powers

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 5th day of November, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

*/s/ Amanda Bonn*
Amanda Bonn