IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC | |
| Plaintiffs, | Case No. 2:13-cv-00893-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| GOOGLE INC. | |
| Defendant. | |

**PLAINTIFFS' SUR-REPLY
TO DEFENDANT GOOGLE'S OBJECTIONS (Dkt. 188)
TO THE MAGISTRATE'S MEMORANDUM OPINION AND ORDER (Dkt. 165)
DENYING GOOGLE'S MOTION TO TRANSFER**

**A.      Judge Payne's Finding that Google Was Not Candid Is Entitled to Great Deference.**

Google persists in resting its transfer position on its discredited evidence, Reply at 1, completely ignoring that Magistrate Judge Payne found such evidence to be "incomplete and—at least in part—incorrect and misleading," causing him to have "concerns regarding the candor of the limited information Google has provided." Order at 12 & 15-16. To this day, Google is resisting answering interrogatories asking Google to identify where such documents (and witnesses working on the accused instrumentalities) are actually located, arguing that such information is "irrelevant" and that it need not provide any specifics over and above the questionable Dubey declaration. Bonn Decl. Exh. 1; *see also* Order at 5-6 (noting the Dubey declaration "provide[d] neither evidence of where [Google's] documents are actually located" nor that they "are more available or accessible from the Northern District of California than they would be in the Eastern District of Texas"). Google relies on the purported absence of evidence "that any Google witnesses work in or near this District." Reply at 2. But Google cannot submit an "incomplete" and "misleading" declaration, refuse to answer interrogatories seeking information within its sole possession, and then argue a lack of evidence regarding Google's documents and witnesses supports transfer. As Magistrate Judge Payne noted, "[t]he duty of candor imposed upon parties in this Court is especially important in the Motion to Transfer context, where one side often has exclusive access to a substantial portion of information regarding the locations of relevant evidence, facilities, witnesses, and other pertinent factors." Order at 15.

Magistrate Judge Payne's factual findings—particularly his credibility assessments—are entitled to great deference. *See, e.g.*, *Phillip M. Adams & Assocs., LLC v. Dell Computer Corp.*, 519 F. App'x 998, 1001 & n.3 (Fed. Cir. March 18, 2013) (reversing the district court for "failing to properly defer to the magistrate judge's factual findings" regarding "bad faith"); *Smith v. Smith*, 154

F.R.D. 661, 665 (N.D. Tex. 1994) ("[T]he district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.") (quotation marks and citations omitted). Google offers no compelling reason why Magistrate Judge Payne's findings that "Google is not being fully candid with the Court regarding the location of its relevant documents and facilities" should be disturbed. Order at 6.

**B.      Important Party and Third-Party Witnesses Live in or Near this District.**

Because its own evidence has been discredited, Google attempts to downplay the significance of witnesses who reside in or near this district. But Google's arguments ignore the law and the facts. Relying on *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1044 & 1046 (3d Cir. 1973), Google argues that even attorneys who are fact witnesses cannot be considered in a transfer analysis. Reply at 2 n.1. But Mr. Solomon, the attorney at issue in that case, was "the attorney for the plaintiffs" and counsel of record in the pending litigation—meaning he would necessarily attend the trial regardless of the forum. Here, by contrast, the in-house attorneys for Rockstar with knowledge of discussions with Google regarding the patents-in-suit are not outside litigation counsel and thus would not otherwise be required to attend trial.

More critically, two of the key attorney-witnesses at issue are not even current Rockstar employees or attorneys at all, but rather are third parties whose convenience must be given great weight. *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 09-CV-390, 2010 WL 3855520, at *6 (E.D. Tex. Sep. 30, 2010) ("Typically, the convenience of third-party witnesses is given greater weight than the convenience of party witnesses."); *Hem v. Toyota Motor Corp.*, 07-CV-079, 2009 WL 2591374, at *4-5 (E.D. Tex. Aug. 20, 2009) (giving "more weight" to "the convenience of third-party witnesses" who would "play an important role in the trial"). Mr. Krishnan—who has

knowledge of Nortel and Google's discussions regarding the patents-in-suit and now works in Carrolton, TX—has not worked for Rockstar since well before this suit was filed. Just yesterday, in support of its inequitable conduct defense, Google deposed Bruce Garlick, the prosecuting attorney on the patents-in-suit and a third party who resides in Austin, TX. Bonn Decl. Exh. 2. Mr. Garlick is a third-party witness who is not employed by Rockstar, nor does he currently represent Rockstar. *Id.* Exh. 3. Google admits that the convenience of witnesses with knowledge "central to Google's inequitable conduct defense" should be given particular weight over others when it comes to its selective reporting of prior art witnesses, Reply at 2 n.2, but then utterly ignores the convenience of the <u>prosecuting attorney</u> at the heart of its inequitable conduct claim.

Google's excuse for selectively informing Magistrate Judge Payne only of "cherry-picked" prior art witnesses in the Northern District—that such witnesses purportedly relate to its inequitable conduct claim in particular as opposed to its other invalidity defenses—falls flat. Reply at 2 n.2. The private knowledge of prior art witnesses regarding how systems like InfoSeek and Alta Vista worked is of little relevance to its inequitable conduct claim, which is premised on Mr. Garlick's alleged failure to disclose a publicly-available news article to the PTO. *See* Dkt. 20 at ¶ 101.

**C.      Critical Documentary Evidence is Located in this District.**

Google urges the Court to disregard the presence of Rockstar, Ericsson, and Blackberry in this district—an argument belied by these entities' document productions. Ericsson and Blackberry have both produced documents in response to Google's subpoenas directed to their offices in or near this district. Bonn Decl. ¶¶ 8-9. And Rockstar recently produced Nortel-era documents it maintained from the laptops of former Nortel employees—an issue that Google hotly litigated due to the documents' significance to this case and its inability to obtain them elsewhere. *Id.* ¶ 7 & Exhs. 4-6.

The Court should reject Google's objections to the Order denying transfer.

DATED:  November 13, 2014          Respectfully submitted,

By:  */s/ Amanda Bonn*
      Max L. Tribble, Jr. – Lead Counsel
      State Bar No. 20213950
      Alexander L. Kaplan, State Bar No. 24046185
      John P. Lahad, State Bar No. 24068095
      Shawn Blackburn, State Bar No. 24089989
      **SUSMAN GODFREY L.L.P.**
      1000 Louisiana Street, Suite 5100
      Houston, Texas 77002
      Telephone:  (713) 651-9366
      Facsimile:  (713) 654-6666
      mtribble@susmangodfrey.com
      akaplan@susmangodfrey.com
      jlahad@susmangodfrey.com
      sblackburn@susmangodfrey.com

      Justin A. Nelson, State Bar No. 24034766
      Parker C. Folse, III, WA State Bar No. 24895
      **SUSMAN GODFREY L.L.P.**
      1201 Third Ave, Suite 3800
      Seattle, Washington 98101
      Telephone: (206) 516-3880
      Facsimile:  (206) 516-3883
      jnelson@susmangodfrey.com
      pfolse@susmangodfrey.com

      Amanda K. Bonn, CA State Bar No. 270891
      Meng Xi, CA State Bar No. 280099
      **SUSMAN GODFREY L.L.P.**
      1901 Avenue of the Stars, Suite 950
      Los Angeles, CA 90067-6029
      Telephone: (310) 789-3100
      Facsimile: (310) 789-3150
      abonn@susmangodfrey.com
      mxi@susmangodfrey.com

      T. John Ward, Jr., State Bar No. 00794818
      Claire Abernathy Henry, State Bar No. 24053063
      **WARD & SMITH LAW FIRM**
      P.O. Box 1231
      Longview, TX  75606-1231
      Telephone: (903) 757-6400
      Facsimile:  (903) 757-2323
      jw@wsfirm.com
      claire@wsfirm.com

4

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
D. Jeffrey Rambin, State Bar No. 00791478
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX  75647
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

*Attorneys for Rockstar Consortium US LP and*
*NetStar Technologies LLC*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 13th day of November, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).


  */s/ Amanda Bonn*
Amanda Bonn