IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ROCKSTAR CONSORTIUM US LP
AND NETSTAR TECHNOLOGIES
LLC,

    Plaintiffs,

  v.

GOOGLE INC.,

    Defendant.

Case No. 2:13-cv-00893-JRG-RSP

**REPLY IN SUPPORT OF ROCKSTAR'S
MOTION TO EXTEND FACT DISCOVERY CUT-OFF**

Google's conduct during the month since the parties' last discovery hearing before the Court makes its strategy clear: delay producing documents until the clock runs out. Google has brazenly defied this Court's orders requiring it to (1) complete substantial production of <u>all</u> relevant non-email ESI by September 16, 2014; (2) produce categories of documents it had wrongfully withheld; and (3) quickly move forward on email search terms and search terms for the non-email ESI of senior executives.

Google feels free to openly defy this Court's orders because it desperately wants to move the trial date. Thus, withholding relevant documents as long as possible is a win-win situation for Google: If Rockstar didn't complain of Google's delay, it would be severely prejudiced by the belated production of documents, which impacts Rockstar's ability to take fact depositions and to prepare its expert reports. If, on the other hand, Rockstar did complain, Google could argue that any prejudice could only be cured by pushing the trial date—something Google has been seeking for months. The Court should not reward Google for what now appears to be its deliberate strategy of delay by giving it exactly what it wants: a delayed trial date.

**I.      Google Disregarded the Court's Orders, Making a Woefully     Deficient    Custodial Document Production that is Still Nowhere Close to Complete.**

As set forth in Rockstar's pending Expedited Motion to Compel Discovery, Google's ESI production is woefully incomplete. After the last hearing before this Court, Google disclosed that (1) it had not even searched the custodial documents of numerous Google witnesses on its initial disclosures and (2) it had—in violation of the ESI Order—run extremely narrow search terms that seemed designed to hit on few if any documents without ever first consulting Rockstar. Google now argues that Rockstar should have somehow known Google was conducting such a deficient search before it filed its last motion to compel. Opp. at 8. But Google never disclosed to Rockstar

1

until <u>after</u> the last discovery hearing that (a) it did not intend to search the ESI of all witnesses on its initial disclosures and (b) it was using extremely narrow search terms on the few custodians it did search. Rockstar can hardly be faulted for failing to foresee that Google would ignore the Court's ESI order requiring Google to meet-and-confer if it intended to run search terms, or that Google would take the remarkable position that it need not search custodial documents of witnesses it plans to call at trial.[1] Google does not and cannot defend why it chose to run the search terms it did without consulting Rocksar. For example, Google has no excuse or justification for the fact that it ran search terms that consisted primarily of exact quotes pulled from the asserted patents, including terms it admitted in its Claim Construction briefing are <u>coined terms</u> particular to the patents-in-suit.

Nor does Google dispute that, since the last hearing before this Court now over a month ago, it has not produced any of the documents it was ordered to produce. It has not produced any custodial documents of senior executives.[2] It has not produced any documents from the prior cases the Court ordered it to produce. It has not produced any email. Moreover, Google is refusing to run broader search terms on the custodians it already searched for ESI with its improperly narrow terms, forcing Rockstar to file <u>another</u> motion to compel. The Court's ESI order was designed to

---

[1] Rockstar moved to compel earlier regarding Google's failure to search the senior executives' ESI because, during the parties' negotiation over email custodians, it became clear that Google was refusing to do so. Rockstar could not have foreseen from such discussions, however, that Google was also refusing to search custodial ESI for other witnesses on its initial disclosures (particularly since, unlike for email custodians, ESI custodians are not limited in number under the ESI order).

[2] Indeed, Google agreed to run certain search terms against senior executives' ESI, only to later turn around and demand for the first time that the terms only be run against a small subset of their custodial data (an issue Google never raised in the briefing on Rockstar's motion to compel or during the last hearing where this issue was addressed).

avoid just such a delay by requiring Google to consult with Rockstar on search terms <u>before</u> running them—not after. Google attempts to justify its failure to timely produce documents that the Court already <u>ordered</u> it to produce by arguing that it has taken time to provide notice to third parties. That is a problem Google should have addressed long ago—it has known that Rockstar was seeking such documents since last spring and took its chances in delaying providing notice when it knew its refusal to produce such documents would be the subject of a motion to compel. Google attempts to blame Rockstar for its delay in producing email. But Google held up the production of email in this case by (1) taking the position that it need not search email of most of the custodians (senior executives) that Rockstar requested and (2) arguing that Rockstar's one-word search terms were overbroad and any effort to narrow them with modifiers meant they had to be treated as multiple search terms. Both of these issues required Rockstar to move to compel and the Court rejected Google's position on both counts.[3]

Google's refusal to produce such documents has seriously prejudiced Rockstar. Rockstar still does not have <u>any</u> custodial documents for many key witnesses. Even for the witnesses Google has searched, Rockstar has a woefully incomplete production due to the narrow and inappropriate search terms Google elected unilaterally to run. Rockstar does not have any email from Google, nor does it have the productions from prior litigation that are likely to contain evidence critical to this case. Without such documents, it is virtually impossible for Rockstar to move forward with fact witness depositions. Google has provided no sense of when it intends to actually produce such

---

[3] Even Rockstar's effort to file its first motion to compel was delayed by Google's insistence that the required in-person meet-and-confer occur in California rather than Texas (only to then say they could be available in Texas during dates that Rockstar previously informed Google its counsel were unavailable). As a result, it took nearly a month simply to schedule the required in-person meet-and-confer.

documents and we are rapidly approaching the holiday season, when it becomes increasingly difficult to schedule depositions due to the travel and personal schedules of both attorneys and witnesses.

Google's suggestion that it is Rockstar who has not been diligent despite its multi-month long stonewalling effort is remarkable. It is not Rockstar's fault that Google disregarded the Court's order to produce all relevant ESI without awaiting any discovery request. It is not Rockstar's fault that Google disregarded the Court's order that it must consult with Rockstar before running any search terms on such ESI. It is not Rockstar's fault that Google disregarded the Court's order that it produce custodial documents of senior executives and documents from several prior cases. Google can hardly fault Rockstar for its own failure to abide by Court orders.

## II. Extending the Fact Discovery Period and Adjusting the Deadlines as Rockstar Proposed Will Ameliorate Rockstar's Prejudice without Affecting the Trial Date.

Extending the fact-discovery cut-off by 30 days, and adjusting other dates accordingly so as to preserve the trial date, will ameliorate the prejudice to Rockstar that Google has caused. This will allow additional time for Rockstar to review the undoubtedly large volume of documents that Google has yet to produce and take necessary fact witness depositions in advance of expert reports.

The only prejudice Google can point to from this schedule is (1) that it will have one less week for rebuttal reports and (2) that expert depositions will occur within a two-week window. But having one week less for rebuttal reports affects both sides: Rockstar, too, will have one less week to rebut Google's expert reports on invalidity and its inequitable conduct defense. When it comes to depositions, Google creates a problem where there is none. Google assumes there will be eight experts who need to be deposed, despite the likelihood that the same experts may handle invalidity and inequitable conduct (meaning it is likely there will be only six depositions rather than eight). In

addition, there is plenty of time between now and then for the parties and their retained experts to plan for such a deposition window. On the other hand, without an extension of fact discovery, Rockstar will be forced to cram the depositions of fact witnesses—whose schedules will need to be managed—in a short window around the holidays with only minimal time beforehand to review Google's document production. To the extent there is any prejudice resulting from the above issue, it is one of Google's own making. Given that it is Google's own delinquent production of documents that has caused the need for an extension, it should certainly not be Rockstar that is forced to suffer the resulting prejudice during fact discovery.

**III.     Google Should Not Be Rewarded for Its Delinquent Discovery with the Delayed Trial it has Long Sought.**

Google wants this trial postponed and has deliberately delayed discovery in the hopes of forcing the Court to give it what it wants. Google asked to stay the case and delay the trial when Rockstar simply sought to file a three-page supplemental brief regarding transfer. It sent letters claiming that if Rockstar did not complete its document production in <u>advance</u> of the substantial completion deadline, it would seek to delay the trial. When Nortel moved for a protective order concerning the Nortel laptops, Google again demanded that the trial be delayed. Over and over again, Google has made clear that what it wants above all else is for the trial to be delayed.

Google has made the cynical calculation that it would suffer no downside from withholding documents and disregarding the Court's orders: either Rockstar would be prejudiced in its completion of fact and expert discovery or else the Court would be forced to delay the trial, which is exactly what Google wanted all along. The Court should not reward Google's discovery abuses by allowing it to have its cake and eat it too.

Rockstar respectfully requests that the Court grant its motion.

DATED: November 14, 2014   Respectfully submitted,

By: */s/ Amanda Bonn*
Max L. Tribble, Jr. – Lead Counsel
State Bar No. 20213950
Alexander L. Kaplan, State Bar No. 24046185
John P. Lahad, State Bar No. 24068095
Shawn Blackburn, State Bar No. 24089989
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
akaplan@susmangodfrey.com
jlahad@susmangodfrey.com
sblackburn@susmangodfrey.com

Justin A. Nelson, State Bar No. 24034766
Parker C. Folse, III, WA State Bar No. 24895
**SUSMAN GODFREY L.L.P.**
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
jnelson@susmangodfrey.com
pfolse@susmangodfrey.com

Amanda K. Bonn, CA State Bar No. 270891
Meng Xi, CA State Bar No. 280099
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
abonn@susmangodfrey.com
mxi@susmangodfrey.com

T. John Ward, Jr., State Bar No. 00794818
Claire Abernathy Henry, State Bar No. 24053063
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
D. Jeffrey Rambin, State Bar No. 00791478
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX  75647
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

*Attorneys for Rockstar Consortium US LP and NetStar Technologies LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 14th day of November, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

       /s/  Amanda Bonn