# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| ROCKSTAR CONSORTIUM US LP, et al. | § | |
|---|---|---|
| | § | |
| v. | § | Case No. 2:13-CV-893-JRG-RSP |
| | § | |
| GOOGLE INC. | § | |

## ORDER

Before the Court is Defendant Google's "Objections to the Magistrate's Memorandum Opinion and Order Denying Google's Motion to Transfer Venue" ("Objections") (Dkt. No. 188). In the Magistrate Judge's Memorandum Opinion and Order Denying Google's Motion to Transfer Venue ("Memorandum Opinion") (Dkt. No. 165), the Magistrate Judge issued an order denying Google's Motion to Transfer Venue (Dkt. No. 18). After reviewing Defendant's objections to the Memorandum Opinion, and finding no part of the order to be "clearly erroneous or contrary to law,"[1] Google's request for reconsideration of the Memorandum Opinion is **DENIED**.

In its objections, Google argues the Memorandum Opinion improperly found both the private and public interest factors weighed against transfer. (Objections at 2–5.) Further, Google argues the findings of the Federal Circuit in a recently issued mandamus order[2] regarding certain motions to stay support its contention that the Magistrate Judge's findings were contrary to the law. (Reply at 1.) The Court disagrees.

This Court observes that the Magistrate Judge's opinion weighed the relevant transfer factors and correctly determined that Google failed to meet its burden by demonstrating to the Court that the Northern District of California was "clearly more convenient" than the Eastern

---

[1] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

[2] *In re Google*, No. 2014-147 ("Mandamus Order").

District of Texas, as required by *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Moreover, the Magistrate Judge's opinions expressed in the Memorandum Opinion were neither clearly erroneous nor contrary to the law within the context of the findings of the Mandamus Order Google relies upon in its briefing. For example, Google cites to portions of the Mandamus Order discussing the relative weight courts typically ascribe to attorneys as witnesses in the transfer analysis. (Reply at 2); *see* Mandamus Order at 8 (citing *In re Horseshoe Entm't*, 337 F.3d 429 (5th Cir. 2003); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043 (3d Cir. 1973); and *Jack C. Keir, Inc. v Life Office Mgmt. Ass'n, Inc.*, No. 92-6163, 1993 WL 283902 (E.D. Pa. July 27, 1993)). Specifically, Google argues that the attorneys Rockstar relies upon should be given little to no weight in the transfer analysis in light of the Federal Circuit's findings. (Reply at 3.) The Court observes, however, that even assuming these witnesses are to be accorded little to no weight as Google suggests,[3] Google has still failed to meet its burden by demonstrating that the Northern District of California was "clearly more convenient" based upon the limited information Google provided in its briefing.

It is ultimately Google's burden to demonstrate that the Northern District of California is "clearly more convenient" than the Eastern District of Texas. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. The Magistrate Judge cited multiple instances throughout the Memorandum Opinion that called into question the veracity and completeness of the evidence Google marshalled to justify transfer. *See, e.g.,* Memorandum Opinion at 12 and 15–16. For example, Google disregards the presence of entities and witnesses within this district in its own analysis. (Reply at

---

[3] The Court notes that the significance of the Rockstar attorneys in the instant suit differs substantially from their significance in *In re Google* in that the record before the Court in this case supports Rockstar's contention that Google served production requests on several of the attorneys as third parties to the instant suit. (Reply at 3.) Nevertheless, for the purposes of this Order, the Court endeavored to re-balance the factors by according little to no weight to these attorneys consistent with the Federal Circuit's findings in its Mandamus Order.

3.) Specifically, Google's briefing discounts certain entities that have actually produced documents in response to Google's discovery requests in the instant suit. (Objections at 2 n.3); s*ee also* (Sur-Reply at 3) (citing entities located within this district that have produced documents in response to Google's subpoenas directed to those entities' offices in or near this district). Indeed, this information is relevant to the transfer analysis.

Without having a clear account of the facts regarding witnesses both within and outside of the transferor and transferee venues, Google has not, and cannot, meet its burden. Given the record before the Magistrate Judge—and even assuming Rockstar's four attorney witnesses should be discounted from the analysis as Google suggests—the Court finds the Memorandum Opinion correctly concluded that Google failed to meet its burden under Fifth Circuit and Federal Circuit precedent. *See, e.g., In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2009); *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004).

Because the findings of the Magistrate Judge were neither clearly erroneous nor contrary to the law, the Court need not modify or set aside any part of the Memorandum Opinion in light of Google's objections. *See* FED. R. CIV. P. 72(a). Accordingly, Google's request for reconsideration of the Memorandum Opinion should be, and is hereby, **DENIED**.

**So ORDERED and SIGNED this 18th day of November, 2014.**

*/s/ Rodney Gilstrap*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE